## ACKLEY v. BERKEY.

1. New trial: CONFLICTING TESTIMONY. The Supreme Court will not interfere with the ruling of the District Court in refusing a new trial, unless the conflict in the testimony is slight, and the weight of evidence is clearly against the verdict.

*Appeal from Scott District Court.*

FRIDAY, JUNE 7.

The record presents the case of a malicious prosecution, in which the plaintiff, by the verdict of the jury, recovered fifty dollars damages against the defendant.

When the court overruled a motion for a new trial, based upon the ground that the verdict was against the law and evidence, the defendant appealed, assigning such ruling as error.

*Davidson & True* for the appellant.

*Thomson & Campbell* for the appellee.

LOWE, Ch. J.—At the trial of this cause no legal question was reserved for our consideration; nor is it 1. NEW TRIAL: pretended that the charge of the court to the conflicting testimony. jury did not correctly state the law applicable to actions of this description.

The question for our determination is simply whether the weight of evidence is so clearly and manifestly against the verdict of the jury, that we would be justified in reversing the order overruling the motion for a new trial.

It is admitted that the question is a close one, and had the verdict been for the defendant, and a similar motion made by the plaintiff, we would have but little hesitation in saying, under the evidence reported to us, that the same should have been overruled. It may be granted that the evidence introduced by the plaintiff made him a *prima facie* case; but to our minds this *prima facie* case was to all appearance fairly rebutted by the evidence of the defense, yet it was a conflict of testimony which was to be adjudged by the jury, in doing which it seems they

HARVARD LAW LIBRARY

felt it their duty to hold for the plaintiff. Now, although the evidence reported, taken as a whole, would have equally, if not better, justified a different conclusion, as we see it, looking simply at the written testimony, nevertheless, we cannot conceal from ourselves the fact that there is so much to be inferred, especially in this class of cases, from surrounding circumstances, from the appearance of witnesses, their conduct upon the stand, etc., that it is possible we might have reached the same conclusion, had we been placed in like circumstances. Hence the propriety of not interfering unless the conflict in the testimony is slight, and the weight of evidence clearly against the verdict; or there are other circumstances strongly indicating that injustice has been done.

Affirmed.