PIERCE v. WALKER.

1. New trial: CONFLICTING EVIDENCE.   A ruling of the District Court in refusing a new trial, will not be disturbed where the testimony is conflicting, and the verdict not clearly against the weight of evidence.

2. Evidence: PAROL: CONTRACT.   Parol evidence is not admissible for the purpose of adding a condition or stipulation not embodied in the written contract.

3. Contract: FOR CARRYING THE MAILS.   A person who has a contract with the post-office department for carrying the mails, may legally stipulate with another to perform his part of the contract, subject to the regulations of the department.   Though if this is done without the consent of the department to the change of parties, it leaves the original contractor and his sureties liable to the government for any default in the performance; but as between the original and sub-contractor, the latter would be liable to the former for damages sustained by his failure to perform.

*Appeal from Dubuque District Court.*

MONDAY, DECEMBER 16.

THE cause of action set forth in the petition may be briefly stated as follows : Plaintiff had a contract with the post-office department, to carry the mail on route 9364, twice a week, from Dubuque to Fort Atkinson, running through New Wine, Colesburg and Elkader, for the term of four years, ending 30th day of June, 1858. The defendant at the same time was running coaches and carrying the mail from Dubuque to St. Paul, going by Floyd, and intersecting plaintiff's route at Colesburg, and running thereon to Elkader.

That on the 2d of April, 1855, by his agent, Samuel Patrick, the defendant entered into a written agreement with plaintiff, by which he (the plaintiff) was to surrender his mail contract above described, and transfer the same to the defendant, from and after the 1st of July, 1855, together with all other mail routes that might be awarded to plaintiff during that period, subject, however, to the rules and regulations of the post-office department, and the said plaintiff was to discontinue running on any and all parts of said routes from and after the 7th of April, 1855. In consideration of which the defendant was to carry out said mail contract with the post-office department, and all other mail contracts that might be awarded to plaintiff during the time, in accordance with the rules and regulations of the department, and pay plaintiff $69.25, and to pay for such blanks, way-bills, etc., as plaintiff might have on hand, at fair rates.

The petition alleges performance of the contract by plaintiff. That on the 7th of April, 1855, defendant began to carry the mail on said route, and continued so to do till the 1st of July, 1855, when he procured the department to discontinue that part of route No. 9364, running from Dubuque to Elkader, and at the same time he abandoned that part of the route from Elkader to Fort Atkinson, and thereupon the plaintiff was required to carry the same, which he did, at a sacrifice, as the passenger carriage amounted to nothing between Elkader and Fort Atkinson, while between the former and Dubuque it was highly lucrative. That, as a consequence of defendant's failure to perform his contract, plaintiff has been damaged $10,000.

The defendant in his answer substantialy traverses all the allegations of the petition, and especially denies that Samuel Patrick had any right or authority to make or enter into said alleged contract.

The trial resulted in a verdict of $4,350 for the plaintiff.

*Shiras, Ballou & Van Duzee* for the appellant.

*O'Neil & Cragin,* with whom *W. T. Barker,* for the appellee.

Lowe, Ch. J. — Questions of law and fact are both made to figure in this case. Those of the latter come out of a motion made for a new trial, based upon the suggestion that the verdict of the jury was against the evidence in two important particulars, namely, in finding that Samuel Patrick was the authorized agent of defendant to make and enter into the written agreement annexed to plaintiff's petition, and secondly, in the amount of damages assessed, which is alleged to be excessive.

In going over the evidence we find upon the subject of Patrick's agency, that it is too conflicting to be reconciled
1. NEW TRIAL: upon any fair principles of exposition, and
conflicting
evidence.          that the weight given to the same, must depend largely upon the credibility of the witnesses. The jury's opportunity for performing this delicate duty, is so superior to ours that we feel it unsafe to disturb the adjustment which they have made of it. For more extended reasons for not interfering in cases of this kind, see *Ackley* v. *Berky* (22 Iowa, 226), and authorities cited.

As to the question of excessive damages, we find a number of elements entering into the consideration of the same, which necessarily give no little range to the jury's estimate thereof, and that it would be an undue interference with their province, unless we had something more tangible and definite to stand upon, than what is presented in the record or evidence. We admit the force and adroitness of appellant's argument upon this and the question of agency, but involved as they are, in mere conflict of testimony, the deliberate finding of

the jury, ought, as a matter of reasonable safety and prudence, to be treated as a final solution of the same.

The questions of law in the case, arise out of the rulings of the court, in rejecting certain · testimony offered by defendant, and in giving and refusing certain instructions.

2. EVIDENCE: parol: contract.

The contract which plaintiff had with the post-office department for carrying the mail over route 9364 is in the record, and contains various conditions, stipulations and reservations. Among the last, was the right on the part of the postmaster-general to increase or diminish the service on a particular line, on certain terms therein specified; to annul the contract for repeated failures; for violating the post-office laws; for disobeying the instructions of the department; for assigning the contract without the consent of the postmaster-general; and for doing certain other matters, all specified in the contract, contrary to the rules and regulations of the postal department.

Now, the contract between the parties to this suit, contains, first the covenants of the plaintiff and then the covenants of the defendant, in both of which it is stipulated, that the one assigns and the other takes the contract for carrying the mail on said route, subject to the rules and regulations of the post-office department, all which are set out in plaintiff's contract with the postmaster-general. This stipulation does not imply directly or indirectly, that the plaintiff was to obtain the consent of the postmaster-general before the assignment would be binding on the parties, nor indeed is there any such condition in the contract expressed or implied, that he was to do so. On the contrary we may indulge the presumption, that the parties understood at the time, that the department would not recognize or sanction such assignments. We feel justified in this remark for it was

shown in the testimony, that the department did not permit such assignments. No attempt was made to get its consent, but on the other hand, the department continued to issue its orders for money in favor of plaintiff, on certain postmasters, which were handed over to defendant as the proper recipient of the avails thereof, under the contract, pursuing a course of conduct at variance with the appellant's interpretation of the contract.

Now, at the trial the defendant offered to prove that in order to carry out said contract plaintiff agreed to apply for and obtain the consent of the post-office department to the transfer of said contract to defendant. This we think was rightfully refused for reasons which we have already anticipated, as being without the purview of the contract and the contemplation of the parties at the time, nor does it fall within any of the exceptions for explaining written contracts. It is adding a new term or condition not intended by the parties at the time, and therefore not allowable.

The court justly refused to give to the jury the defendant's sixth, seventh and eighth instructions. They seek simply to give a construction to the contract between the parties, adverse to the one which we have already advanced, namely, that inasmuch as the agreement between the parties was made subject to the rules and regulations of the post-office department, that this provision of the contract made it incumbent on the plaintiff to apply for and obtain the consent of the department to the transfer within a reasonable time, otherwise the defendant would be released from his part of the contract. We have already very briefly stated the reasons why we cannot accept this version of the contract.

There is one other point to be considered; the defendant objects to the first and second instructions given to

3. CONTRACT: the jury for the plaintiff. In argument how-
for carrying
the mails. ever he limits his objection to the second. We
will only give attention to the same, believing the other
to be clearly right. In substance it lays down this prop-
osition :

That there is no law prohibiting the plaintiff from
entering into a contract with another to perform his mail
contract with the post-office department, and that if this
is done without the consent of the department, the con-
tract does not become void as between the parties to it;
nevertheless, without this consent, it would leave the
original mail contractor and his sureties liable for any
default in the performance of the contract, while the
parties to the second contract would have to settle the
question of damages between themselves.

We fail to comprehend the unsoundness of this propo-
sition. The objection does not point out any law pro-
hibiting such contracts, or principles of law adverse to
the general tenor of the instruction. The post-office de-
partment, for prudential reasons, may have adopted rules
against a change of contract which would have the effect
to release the original contractor and his sureties, and
subject it to the trouble and inconvenience of investigat-
ing the responsibilities of the new parties. Such change
might or might not compromise the interests of the de-
partment, hence the right to annul the original contract
is reserved. But we apprehend the department would
hardly presume to deny to the contractor the right to
employ third parties to execute the contract on his part,
much less to declare the same void and inoperative,
because it was made without its acquiescence.

Our conclusion is, upon the whole, that the judgment
below should be affirmed.

Affirmed.