## DeWitt vs. Perkins.

PROMISSORY NOTE: Bona fide *holder for value?* EVIDENCE: *Attorney— Privileged Communication.*

1. Plaintiff, knowing defendant and that he was in fair credit and able to respond, purchased, shortly before its maturity, his note for three hundred dollars and interest for six months, paying therefor only five dollars. As between the original parties the note was invalid for want of consideration. *Held,* that the plaintiff was not a *bona fide* holder for value, so as to protect him.

2. Plaintiff's attorney, as a witness, was questioned by defendant as to who owned the note when he (said attorney) sold it to the plaintiff. *Held,* that the witness was bound to answer the question, as it did not call for facts communicated to him by the plaintiff; and this, although the payee had formerly been his client, since the latter does not appear as a party in interest in this action.

3. The question whether said witness had ever advanced any money to any person on the note, did not call for an answer which could have been the subject of a privileged communication.

APPEAL from the County Court of *Milwaukee* County. Action on defendant's promissory note. The jury, by direction of the court, found for the plaintiff; and the defendant appealed from the judgment. The questions in dispute will sufficiently appear from the opinion.

*E. Mariner* and *David S. Ordway,* for appellant, to the point that the plaintiff's attorney should have been required to answer the questions put to him, cited *Coveney v. Tannahill,* 1 Hill, 40, and the case there cited of *Duffin v. Smith,* Peake, 108; *Dudley v. Beck,* 3 Wis., 285–6; *Hattan v. Robinson,* 14 Pick., 416. To the point that plaintiff was not a purchaser in good faith, *LeNeve v. LeNeve,* 2 L. C. in Eq. (Am. ed.), 111; Edwards on Bills (2d ed.), § 320; *Whitbread v. Jordan,* 1 Younge & Cole (Exch.), 303; *Anderson v. Nicholas,* 28 N. Y., 600; *Jones v. Smith,* 23 Eng. Ch., 70; *Goodman v. Simonds,* 20 How. (U. S.), 366–7; *Williamson v. Brown,* 15 N. Y., 364.

*Geo. W. Lakin,* for respondent, contended that the evidence called for by the questions put to plaintiff's attorney, was immaterial; and to the point that they called for privileged communications, he cited 1 Greenl. Ev., §§ 237–40; *Beltzhoover v. Blackstock,* 3 Watts, 21; *Foster v. Hall,* 12 Pick., 89; *Parker v. Carter,* 4 Munf., 273; *Chirac v. Reinicker,* 11 Wheat., 280; *Bean v. Quimby,* 5 N. H., 94.

DIXON, C. J. The plaintiff, knowing the defendant, and that he was in fair credit and able to respond, purchased, shortly before its maturity, a promissory note against him for three hundred dollars and interest for six months, paying therefor only the sum of *five dollars.* As between the defendant and the payee, the note was invalid for want of consideration. Is the plaintiff a *bona fide holder for vaule,* so as to protect him against the defense of a want of consideration? We answer, no. The consideration paid by him was merely nominal. It is as if the note had been given to him, and he should claim the protection afforded a *bona fide* holder for value. It appears on the face of the transaction that it was not a negotiation of the note in the usual course of business, but that the sum exacted on the one side and paid on the other was to give that the semblance of a sale, which otherwise was intended as a mere gift, or, what is worse, a shift to get the note out of the hands of the payee so as to cut off the defense of the maker, for the payee's benefit. Either view is equally fatal to the action of the plaintiff, provided the defense of a want of consideration is established.

Again, the buying of a note against a solvent maker, the purchaser knowing him to be such, for a mere nominal consideration, is very strong, if not conclusive, evidence of *mala fides.* It is constructive notice of the invalidity of the note in the hands of the seller—such as to put the purcha-

DeWitt vs. Perkins.

ser upon inquiry, which if he fails to make, he acts at his peril. *Brown v. Taber*, 5 Wend., 566; *Mathews v. Poythress*, 4 Ga., 287, 299 et seq., and cases cited; *Anderson v. Nicholas*, 28 N. Y., 600; *Whitbread v. Jordan*, 1 Younge & Collyer (Exch.), 303, 328; *Jones v. Smith*, 1 Hare, 68; 1 Parsons on Notes and Bills, 254, 259–60. The proof offered to show a failure of consideration should have been received, and the case submitted to the jury on this ground.

The court likewise erred in not requiring the witness Lakin * to answer the questions put to him. The question as to who owned the note when he, Lakin, sold it to the plaintiff, did not, by possibility, call for any information communicated to the witness by the plaintiff. It related to a fact which the witness must have known before the note was sold or the plaintiff became interested. The claim of privilege interposed to this question seems to proceed upon the idea that Mr. Cady, the payee of the note and former client of the witness, is the real party in interest in this suit, which may be very true, but still he does not appear before the court in that attitude. He appears as one having sold the note without liability over, and therefore having no interest in the question. He cannot for this purpose be regarded as the party in interest.

The other question put to the same witness, and answer declined on the same ground, was as to a matter which in its very nature never could have been the subject of a privileged or professional communication to the witness. It was, whether he, the witness, had ever advanced any money on the note to any person. If the advancing of money by an attorney upon a note is a privileged communication, then it is difficult to conceive what single act of an attorney may not be.

* Mr. Lakin was the plaintiff's attorney in this action.—REP.

*By the Court.*—Judgment reversed, and a new trial awarded.