## SULLY v. GOLDSMITH.

1. Promissory note; LATENT DEFENSES: FRAUD. That a promissory note was obtained by fraud will not affect the right of a *bona fide* holder thereof to whom it was indorsed before maturity.

2. —— That such holder purchased it for a considerably less amount than its face will not affect his right of recovery.

*Appeal from Henry District Court.*

THURSDAY, OCTOBER 5.

ACTION in ordinary, upon a negotiable promissory note made by defendant to Cory & Stone, and by them in-

dorsed to plaintiff. The defendant, by his answer, denies the execution of the note, and avers that it was obtained by fraud, and that plaintiff took the same with knowledge of its fraudulent existence. There was a trial to a jury; verdict for defendant, and judgment accordingly. The plaintiff appeals.

*P. N. Bowman* for the appellant.

*F. Semple* for the appellee.

Cole, J. — Neither party objected to the evidence introduced, nor were there any exceptions to the instructions given by the court to the jury. The sole question made by appellant is, that the verdict is contrary to the evidence and the instructions of the court. The testimony of the defendant himself sufficiently establishes the fact that the signature to the note sued on is the genuine signature of the defendant. As respects the issue tendered by the answer, that the note was obtained by fraud, it may safely be said that the evidence is sufficient to sustain a verdict by the jury, that it was so obtained. But, upon the third and last proposition of the answer, that the plaintiff took the same with knowledge of its fraudulent existence, there is an entire want of evidence to support it. The testimony of the cashier of the bank, to which the note was sent for collection, is direct and positive that it was received at the bank before its maturity, and was then indorsed to the plaintiff. The defendant annexed interrogatories to his answer for the plaintiff to reply to; and from these replies which were introduced in evidence, it appears, that plaintiff had no knowledge whatever of any fraud or deceit in connection with the note sued on, but that plaintiff bought the note in good faith, supposing it to be a valid instrument in the hands of the payees; and that he paid therefor, in cash, about two-thirds its face.

The counsel for defendant and appellee now urges in this court that the verdict should be sustained and the recovery by the plaintiff defeated, because the plaintiff did not pay a "full consideration" for it. The mere fact that a note is purchased at a discount will not defeat a recovery by the purchaser as a good faith holder. What is a full consideration may be a question of fact grounded upon the rate of interest, length of time, rate of exchange, costs of collection, etc. The testimony of plaintiff, contained in his reply to the interrogatories by defendant, shows that the amount he paid was a full consideration for the note. Since there is no evidence to show knowledge, actual or constructive, on the part of plaintiff, that the note was obtained by fraud, and since a *bona fide* holder is entitled to recover even if the note was obtained by fraud, if he had no notice thereof, for value, the verdict was contrary to the evidence and should have been set aside. 1 Pars. on Bills and Notes, 276; *Gage* v. *Sharp*, 24 Iowa, 15; *Lake* v. *Reed*, 29 id. 258.

Reversed.