## TIMP vs. DOCKHAM.

*Evidence. Revenue stamp.*

1. Under the act of Congress of 1866, as well as under that of 1865, an unstamped chattel mortgage or other instrument which by law requires a stamp is admissible in evidence, *unless* it appears that the stamp was omitted with fraudulent intent. *Rheinstrom v. Cone* (26 Wis., 163,) and *Grant v. Mut. Life Ins. Co.*, *ante*, p. 125, approved and followed.
2. Whether the laws of the U. S. relating to stamps, so far as they prescribe a rule of evidence, apply to state courts, is not decided.

APPEAL from the Circuit Court for *Sauk* County.

Timp vs. Dockham.

This was an action by a mortgagor of chattels to recover them back from the holder of the mortgage, who had taken possession thereof after condition broken. Before commencing his suit, the plaintiff tendered to the defendant the sum of $45.00, as the amount then remaining due and unpaid on the mortgage. The defendant claimed to hold under the mortgage, and offered in evidence a certified copy thereof, which on plaintiff's objection, was ruled out because it did not show that the original was stamped with a proper revenue stamp. The note secured by it was received in evidence, though unstamped. That recited that it was secured by chattel mortgage duly stamped. The court refused to permit the defendant to prove that the mortgage was duly stamped when executed, as he offered to do . by the mortgagee ; but allowed him to stamp the note in open court, and then re-offer it in evidence. He then re-offered the mortgage in evidence, but the court excluded it. From a judgment in favor of the plaintiff, the defendant appealed.

*H. J. Huntington*, for appellant, contended that the mortgagor's simply tendering the amount due gives him no right to replevy, or to sue in justice's court, citing 1 Chand., 203 ; 2 Denio, 170 ; 12 Wis., 410 ; that the court was not justified in assuming that the mortgage was never stamped, or that the stamp was off, because the town clerk failed to certify that it was on ; that, so far as the United States revenue law prescribes a rule of evidence as to documents wanting a proper revenue stamp, it applies only to the federal courts, citing *Carpenter v. Snelling*, 97 Mass., 452 ; *People ex rel. Barbour v. Gates*, 43 N. Y., 40 ; *Green v. Holway*, 101 Mass., 243 ; *Craig v. Dimock*, 47 Ill., 308 ; *Clemens v. Conrad*, 19 Mich., 170 ; *Weltner v. Riggs*, 3 West Virg., 445 ; *Hunter v. Cobb*, 1 Bush. (Ky.), 239 ; *Sporrer v. Eifler*, 1 Heiskell (Tenn.), 633 ; that the omission to stamp the mortgage would not have rendered it void unless shown to have been with intent to defraud the revenue, and the burden of proof of that intent was upon the party objecting, citing sec. 158, revenue act of June 30, 1864, as amended by sec. 9,

act of July 13, 1866; *Rheinstrom v. Cone*, 26 Wis., 163; *Grant v. The Connecticut Mutual Insurance Co., ante.* 125; *Graves v. Spier,* 58 Barb., 349; *Cagger v. Lansing,* 57 Barb., 421; 2 Albany Law Journal, p. 476. Stamping the note made the mortgage valid and admissible in evidence.

*C. C. Remington & N. W. Wheeler,* for respondent, argued that sec. 153, chap. 120, R. S., gave a justice's court jurisdiction in a case like the present; that a certified copy of the mortgage was merely evidence of the filing and recording of such instrument, and of no other fact; and that the mortgage was inadmissible in evidence, and under sec. 158 of the amendatory revenue act of 1866, was *void,* even though the omission of the stamp was without fraudulent intent, citing *Blake v. Hall,* 19 La. Ann., 49; *State v. Garton,* 32 Ind., 1. Effect must be given to that amendment, 3 Mass., 523; 5 id., 380; 7 id., 458; 15 id., 205; 2 Pick., 571; 23 id., 93; *Dillingham v. Fisher,* 5 Wis., 475; *Calkins v. Harvey,* 13 id., 370; *Adler v. Milw. Brick Co.,* id. 57; 43 Ala., 140; *Underhill v. Ellicombe,* M'Cleland and Younge, 450; Blackwell Tax Titles, 732, sec. 147.

LYON, J. This is an action to recover the possession of certain personal property. The defendant claims to hold the same by virtue of a chattel mortgage thereon executed by the plaintiff. On the trial, the circuit judge sustained an objection to the admissibility of a certified copy of the mortgage as evidence, because it failed to show that the original was duly stamped as required by the revenue laws of the United States, and refused to permit the defendant to show that the original mortgage was legally stamped when the same was executed. The plaintiff had a verdict and judgment, and the defendant appeals.

Conceding that the chattel mortgage was not duly stamped, the question is, whether the certified copy thereof should have been rejected, without proof that the stamp was fraudulently omitted.

This question has been decided by this court adversely to the ruling of the circuit judge, in the cases of *Rheinstrom v. Cone*, 26 Wis., 163; and *Grant v. The Conn. Mutual Life Ins. Company, supra*, p. 125. Many cases in other states sustaining these decisions are cited in the opinions by the Chief Justice in the former, and by Mr. Justice COLE in the latter ease.

But it is urged by the counsel for plaintiff, that the act of Congress of July 13, 1866, changes the law of 1865, so that the fraudulent intent, which alone rendered the unstamped instrument invalid under the law of 1865, has become entirely immaterial; and that, as the law now stands, no unstamped instrument, which the law requires to be stamped, can be legally read in evidence in any court, no matter how innocently the stamp was omitted therefrom. The provisions of those two acts of congress applicable to the question, are contained in the opinion in *Rheinstrom v. Cone;* but that case was decided upon the act of 1865 alone. The case of *Grant v. The Ins. Co.* was, however, decided upon the law as it now stands, and is decisive of this case.

That decision is abundantly sustained by the authorities cited in the opinion, and also by the decision of the supreme court of the United States, in the case of *Campbell v. Wilcox*, 10 Wall., 421.

In the latter case, the plaintiff recovered a judgment in the circuit court on four unstamped promissory notes, all of which were made after the passage of the act of 1866. The judgment was affirmed, with ten per cent. damages, because the defense was without merit. Mr. Justice FIELD says, in the opinion delivered by him, that "it is a fraudulent, and not an accidental, omission, at which the penalty of the statute is levied." He was speaking of the act of 1866 when he used this language.

Several of the cases cited in the opinions in the two cases in this court above mentioned, hold that the revenue laws of congress, in so far as they prescribe a rule of evidence, have no force in a state court; that their operation in that respect is

confined to the federal courts. We do not decide whether this is, or is not, the correct doctrine. The question is an open one in this state, to be determined when a proper case shall arise.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial awarded.