## LAY v. WISSMAN.

1. **Evidence:** OF HANDWRITING. Under our statute (Rev., § 3997) it is competent for witnesses to testify as to the genuineness of a signature from a comparison thereof with one admitted or shown to be genuine.

2. **Practice:** ON APPEAL. The determination *by the court* of the question of the genuineness of a written signature upon the evidence of experts, by comparison of handwriting, is entitled, on appeal, to the same consideration as the verdict of a jury.

3. **New trial:** NEWLY-DISCOVERED EVIDENCE. A new trial will not be granted on this ground, where it is not shown that, by the use of diligence, the evidence could not have been before discovered.

4. **Promissory note:** LATENT DEFENSES : EXTENT OF RECOVERY. That the *bona fide* holder of a promissory note, obtained originally by fraud and without consideration, purchased it for a considerably less amount than its face, will not affect or limit his right of recovery.

5. But it seems that in determining the *bona fides* of the holder, the amount of consideration paid, in connection with the responsibility of the maker, the rate of interest, time of maturing, etc., become important elements.

*Appeal from Johnson Circuit Court.*

THURSDAY, APRIL 10.

ACTION upon a promissory note for $150 executed by defendant to J. L. Cory and W. G. Stone, and by them indorsed without recourse. The defendant answered under

oath, denying that he signed the note sued on; denying that plaintiff is a *bona fide* holder thereof; alleging that the same was obtained by fraud without any consideration, and that plaintiff paid therefor only the sum of $80. Trial by the court. Judgment for plaintiff. Defendant appeals. The material facts are stated in the opinion.

*Clark & Haddock* for the appellant.

*Fairall, Boal & Jackson* for the appellee.

DAY, J. — I. At the trial, three witnesses, upon a comparison of the signature in question with the genuine signature of

**1. EVIDENCE: of handwriting.** defendant, testified that the note in question, in their opinion, was signed by defendant.

The defendant testified that the signature was not his, though he admitted that he signed a contract constituting him agent for the sale of patent roofing cement.

Whatever may be the rule of the common law, there is no a͟ ͟ ͟t of the competency of this evidence under section 3997 of th͟ ͟Revision of 1860.

The evidence being competent, its weight and effect is a question for the jury, or for the court when trying an issue of fact without a jury.

The determination of the court, upon the genuineness of the signature in question, is entitled to the same consideration

**2. PRACTICE: on appeal.** as the verdict of a jury, and is not so far opposed to the weight of evidence as to justify a reversal upon that ground. *Ackley* v. *Berkey*, 22 Iowa, 226; *Pierce* v. *Walker*, 23 id. 424; *Brainard* v. *Van Kuran*, 22 id. 261.

II. The defendant filed a motion for a new trial upon the ground of newly-discovered evidence. Accompanying this

**3. NEW TRIAL: newly-discovered evidence.** motion he filed the affidavits of five witnesses who testified from a knowledge of defendant's handwriting and from a comparison of the signature in question, with the defendant's genuine signature, that, in their opinion, the note in question was not signed by defendant.

Defendant claims that he had no means of having a comparison of this signature made until after the note had been produced at the trial.

It appears from the evidence that the note was exhibited to defendant before the commencement of the suit. Under chapter 28 of the Laws of the Ninth General Assembly, he was entitled to an examination of the note sued on before filing his answer. And under section 4026 of the Revision of 1860, he could have obtained possession of the note before trial for the purpose of inspecting it. It cannot be doubted that by the exercise of reasonable care this testimony submitted in the affidavits could have been obtained before and produced at the trial. It was not error, therefore, to overrule the motion for new trial on this ground. *Lisher* v. *Pratt*, 9 Iowa, 59; *Richards* v. *Nickolls*, 19 id. 555; *Kilburn* v. *Mullen*, 22 id. 498.

III. It appears from the evidence that the payee of the note procured it fraudulently and without consideration, and

4. PROMISSORY NOTE: latent defenses.

that the plaintiff paid $80 therefor, without any knowledge of the circumstances attending its execution. A question is presented as to the amount plaintiff is entitled to recover; whether the amount of the note, or the sum paid therefor with interest.

It is an elementary principle that the equities existing between the maker and the payee cannot be set up against the indorsee in the ordinary course of business, for a valuable consideration, in good faith, and before maturity.

There is some confusion and uncertainty in the authorities as to whether one who purchases a note for less than its face can be considered a *bona fide* holder. *Bailey* v. *Smith*, 14 Ohio, 396, and cases cited. In this State, however, the rule is settled, that one who purchases a note at a discount may be a *bona fide* holder and entitled to recover thereon. *Sully* v. *Goldsmith*, 32 Iowa, 397. And this view has the support of both principle and authority. *Bailey* v. *Smith*, *supra*; *Gould* v. *Leger*, 5 Duer, 270. The amount of the consideration paid

may become important in determining whether the holder is a *bona fide* indorsee.

Where a note for $300, on a responsible person, and nearly due, was sold for $5, it was held that the indorsee was not a holder in good faith for value, and that he could not recover thereon, the note being without consideration. *De Witt* v. *Perkins*, 22 Wis. 473. The amount of consideration paid becomes an important element, in connection with the responsibility of the maker, the rate of interest, the time of maturing, and the circumstance of the transfer in determining the *bona fides* of the holder. And if he is not a purchaser in good faith, he takes the note subject to the equities growing out of the note, existing between the maker and the payee. When, however, the consideration paid, and the other circumstances of the purchase, show that the indorsee is a *bona fide* holder, in the usual course of business, there is no logical principle upon which his recovery from the maker can be reduced below the amount of the note.

The defense that a note has been obtained fraudulently or without consideration does not avail against a *bona fide* holder. If, however, the recovery of such holder may be limited to the amount paid, it is apparent that the defense does avail, for, without such defense he would recover the amount evidenced by the note.

There is a class of cases in which the holder has been allowed to recover only the amount advanced upon the note. But it is believed that they will nearly, if not quite all, be found to be cases in which the holder is not a purchaser in the ordinary course of business. Thus in *Allaire* v. *Hartshorne*, 1 Zab. 665, cited in 1 Pars. on Notes and Bills, p. 191, note *l*, the note was deposited with the holder as collateral security for a pre-existing debt. The plaintiff was the owner of the note only to the extent of the debt secured. If he had recovered more, he would have held the surplus in trust for the payee. But the payee was not entitled to recover, the note, as between him and the maker, being invalid. Hence it was held, and very properly, that the holder could recover only the amount

of his debt. The same principle is involved in *Williams* v. *Smith*, 2 Hill, 301; *Youngs* v. *Lee*, 18 Barb. 187; *Cardwell* v. *Hicks*, 37 Barb. 458; *Chicopee Bank* v. *Chapin*, 8 Metc. 40. In *Hubbard* v. *Chapin*, 2 Allen, 328, a note was given upon an illegal consideration to one Stone, for the benefit of Mallory. Stone indorsed the note to the plaintiff who paid but a small sum thereon, and agreed to pay the balance to Mallory. It was claimed that, before paying the balance to Mallory, he had knowledge of the illegality of the consideration. It was held that, if he did acquire such knowledge, he could recover of the maker only the sum paid before he obtained information of the failure of consideration. This case falls under the same principle as those before cited.

It is essential to the utility of commercial paper, as a medium of exchange, that the parties dealing with it, so long as they act in good faith, should be allowed to regulate its value by the responsibility of the parties bound thereby, and all the circumstances attending the transfer; and it would very much lessen the usefulness of such paper, if the purchaser for less than its face, in the ordinary course of business, holds it, *pro tanto*, subject to the defenses which the maker may have against the payee.

We hold, therefore, that the court did not err in rendering judgment for the amount of the note. This holding is in accord with the general current of decision in this State, upon the subject of commercial paper. See *Dickerman* v. *Day*, 3 Iowa, 444; *Loomis & Leroy* v. *Metcalf & Fuller*, id. 382; *Sully* v. *Goldsmith*, 32 id. 397; *National Bank of Michigan* v. *Green*, 33 id. 140.

Affirmed