412    SUPREME COURT OF WISCONSIN. [Mar.

State ex rel. Hemmy v. Miller, 173 Wis. 412.

STATE EX REL. HEMMY, Respondent, vs. MILLER, Appellant.
STATE EX REL. PAUTSCH, Respondent, vs. LINDEMANN, Appellant.

*October 20, 1920—March 8, 1921.*

*Corporations: Election of officers: Eligibility: Nonresident officers: Proxies: Lack of documentary stamps: Validity: Receipt by election officials: Liability: Rehearing on motion of court.*

1. Where the by-laws of a mutual hail and cyclone insurance company required that a member be given a second notice by mail of delinquency in the payment of an assessment, a member in default was entitled to vote where it did not appear that the second notice had been given.

2. Where the articles of incorporation of a mutual hail and cyclone insurance company, after reciting who should be the first officers and directors, declared that each officer should reside at the place of the home office, while other sections declared that each director should be a *bona fide* resident of the state, one not residing at the place of the home office is ineligible to be an officer.

*On rehearing:*

3. This court has power, on its own motion, to order a rehearing although neither party moved therefor, and although the order was not made within thirty days after the original decision was filed, where the court ordered the record to be retained within sixty days after such decision was announced.

4. Although the federal revenue act of 1919 (U. S. Comp. Stats. Ann. Supp. 1919, § 6318*n*) provides for the retention in force of all laws relating to the assessment and collection of taxes, so far as applicable, the act of Congress of June 13, 1898, making certain unstamped instruments, including voting proxies, invalid, did not become a part of the revenue act of 1919 so as to forbid the voting of an unstamped proxy at a corporate election, since in the passage of the revenue act of 1914 these sections were incorporated in the bill passed by the House of Representatives but were eliminated by the Senate.

5. The presiding officers and inspectors of a corporate election were not justified in rejecting unstamped voting proxies on the ground that the reception of such ballots would subject them to a penalty under the revenue act of 1919 (U. S. Comp.

Stats. Ann. Supp. 1919, § 6318$k$), providing that whoever "accepts" any instrument, document, or paper without the full amount of tax thereon be duly paid is guilty of a misdemeanor and subject to a fine.

APPEALS from orders of the circuit court for Dodge county: CHESTER A. FOWLER, Judge. *Affirmed.*

The first action was brought by plaintiff to test the right and title of defendant to the office of director of the Wisconsin Farmers Mutual Hail and Cyclone Insurance Company, a Wisconsin corporation with principal offices at Juneau, Wisconsin.

The last annual meeting of this company was held at its offices November 3, 1919. At this time there was to be held an election of director of the company to succeed *T. P. Hemmy,* the plaintiff. Both plaintiff and defendant were candidates for the office, and the defendant was declared elected on the ballots taken at the meeting. Plaintiff contends that the defendant was not legally elected, but that nevertheless he entered into and usurped the office.

Defendant demurred to the complaint. The demurrer was heard and overruled by the circuit court. From the order overruling this demurrer appeal is taken.

The second action was brought to test the right and title of the appellant to the office of secretary of the same company.

At a meeting of the board of directors of the company in which *William F. Miller* participated as a director, *Ferd. Lindemann* was declared elected as secretary of the company. Plaintiff, who was secretary at the time, was also a candidate for the office. *William F. Miller* cast his vote in favor of the defendant. Defendant was elected by a majority of one vote. Plaintiff contends that defendant failed of election because *Miller's* vote was illegal; that the vote should have been declared a tie, and that the plaintiff would be entitled to the office until his successor was duly elected and qualified. He also contends that article 5 of the

articles of organization of the company provides that the officers of the company shall reside at the place of the home office, and that the defendant at the time of his election was not and is not now a resident of Juneau, Wisconsin, the home office.

Defendant demurred to the complaint on the ground that the same does not state facts sufficient to constitute a cause of action. An order was entered overruling the demurrer, from which order this appeal is taken.

For the appellants there were briefs by *Kading & Kading* of Watertown, and oral argument by *C. A. Kading.*

For the respondents there were briefs by *Clifford & Hartman* of Juneau, and oral argument by *G. A. Hartman.*

The following opinion was filed November 16, 1920:

SIEBECKER, C. J. The question is, Do the facts alleged in the complaint show that the 3,000 proxies presented by *Pautsch* were legal votes, in view of the fact that the required revenue stamps had not been affixed? The complaint shows that the proxies were not stamped as required by the internal revenue act (U. S. Comp. Stats. 1918, § 6318a, and sub. (11), Schedule A) and that they were rejected at the annual meeting for the election of officers of · the insurance company upon that ground. It is to be observed that the question of the validity of the proxies between *Mr. Pautsch* and the persons who signed them is not raised here. The inquiry is whether or not they were properly rejected as votes at the election of directors of the company at the annual meeting. The allegations of the complaint can only be sustained upon a trial of the case by receiving in evidence these proxies so unstamped. The trial court held that, although the proxies were not stamped as required by the internal revenue act, they were legally voted and are competent evidence in a court to prove the complainant's election. The internal revenue act was construed in the case of *U. S. v. Masters,* 264 Fed. 250, to the effect that the revenue act of 1919 "provided for the retention in force

of all laws relating to the assessment and collection of taxes, so far as applicable, for the purpose of collecting stamp taxes omitted through mistake or fraud from any instrument, document, paper, or writing. U. S. Comp. Stats. Ann. Supp. 1919, § 6318n. The effect of the above provision was by reference to read into the revenue act of 1919 the provisions of the act of June 13, 1898, which has never been repealed." The act of June 13, 1898 (30 U. S. Stats. at Large, ch. 448), provided for a tax on proxies for voting for officers of any incorporated company (sec. 6 and Schedule A, p. 462), and sec. 13 of said act provides, respecting the using of unstamped instruments mentioned in Schedule A, among other things:

"And such instrument, document, or paper, not being stamped according to law, shall be deemed invalid and of no effect."

Sec. 14 of the same act provides:

"That hereafter no instrument, paper, or document required by law to be stamped, which has been signed or issued without being duly stamped, . . . shall be recorded or admitted, or used as evidence in any court until a legal stamp or stamps, denoting the amount of tax, shall have been affixed thereto, as prescribed by law."

The ruling in the case of *In re Hawley*, 220 Fed. 372, is in harmony with the idea that such an unstamped instrument is not a valid one and will not be recognized as evidence in the courts. In the light of these provisions it is considered that the proxies in question were at the time they were voted at the meeting of the insurance company "invalid and of no effect," and hence were properly rejected as votes cast for the election of director. The cases in this court determining the effect of omissions to stamp instruments under the revenue acts of June, 1864, and July, 1866, are not pertinent and authoritative on the questions presented here, for the reason that the provisions of the revenue act of 1919, which govern the instant cases, incorporate the above provisions of the revenue act of 1898, providing that unstamped instru-

ments are invalid, and cannot be used as evidence in court. *Lutton v. Baker* (Iowa) 174 N. W. 599, 6 A. L. R. 1696, note p. 1701.

It is contended that one August Kading, who voted at the annual meeting as a member of the insurance company, was not legally qualified to vote on account of his default in paying an assessment due from him and his consequent suspension as a member of the company, and that his vote was therefore wrongfully counted in favor of the election of *Miller* as a director. It is alleged that Kading failed to pay his assessment under the notice sent him pursuant to rules and regulations of the company, but the trial court correctly held that the vote of Kading was properly counted as a legal one because it is not alleged that the secretary gave him a second notice by mail, as required by section 18 of the company's by-laws, which is a necessary notice to be given to suspend a policy-holder as a member of the company in default of his paying his assessment pursuant to the first notice.

It is claimed that *Ferd. Lindemann* was not legally elected secretary of the company at the meeting of the board of directors upon the ground that *William F. Miller,* who voted at such directors' meeting for *Lindemann's* election, was not a legally elected director, and further, that *Lindemann* is disqualified from holding the office of secretary because he is not a resident of Juneau, Wisconsin. As above indicated, under the allegations of the complaint, *Miller* was duly elected a director by a majority of the legal votes cast at the annual meeting of the company, and he was therefore entitled to vote as a director at this meeting for the election of secretary of the company. It is urged that *Lindemann* was not qualified to hold the office of secretary since he was not a resident of Juneau, Dodge county, Wisconsin, as required by article 5 of the articles of organization of the company, which provides:

"The first officers of this association, for the purpose of incorporation, shall be as follows: E. A. Hopkins, president

and general manager, residing at Juneau, Dodge county, Wisconsin; George W. Morse, vice-president, residing at Juneau, Dodge county, Wisconsin; John C. Bachhuber, secretary, residing at Juneau, Dodge county, Wisconsin; *Theo. P. Hemmy,* treasurer, residing at Juneau, Dodge county, Wisconsin; who, together with T. A. McCallow of Juneau, Dodge county, Wisconsin, Andrew Bachhuber of Mayville, Dodge county, Wisconsin, Frank Flannigan of Ashippun, Dodge county, Wisconsin, J. T. Loos of Juneau, Dodge county, Wisconsin, and Andrew Lackas of Randolph, Dodge county, Wisconsin, shall constitute the board of directors until the first annual election on the first Monday in November, 1898. Each of said officers shall reside at the place of the home office of said corporation and shall continue in office until their successors have been chosen and have qualified as provided by the by-laws of said corporation. Said officers to hold their respective offices for a term of one year and each of said directors to be elected at the home office of said corporation at the city of Juneau, Dodge county, Wisconsin."

Section 6 of the by-laws provides that "All *officers* and *directors* shall be *bona fide* residents of the state of Wisconsin."

This clearly indicates that the directors are not classed as officers of the company within the contemplation of the provisions of article 5 and that the officers referred to in the last sentence of this article refer to the president, vice-president, secretary, and treasurer. Does the sentence, "Each of said officers shall reside at the place of the home office of said corporation," apply to such officers as would be elected annually thereafter, or only to those named in the article as the first officers? We think it is manifest that this requirement of residence of the officers applies to all officers other than those named as the first officers of the association. From this it follows that *Lindemann* was not qualified to hold the office of secretary and that he unlawfully intruded into the office and dispossessed *L. C. Pautsch* as secretary, who was entitled to hold this office until a successor was duly elected and qualified to hold the office.

Upon these considerations it follows that the trial court properly overruled the demurrer to the complaint in the case against *Ferd. Lindemann,* but erred in overruling the demurrer to the complaint in the case against *William F. Miller.* The cause must be remanded with the direction that the order overruling the demurrer in the *Lindemann Case* is affirmed, and that the order overruling the demurrer in the *Miller Case* is reversed, with direction to enter an order sustaining the demurrer in this latter case, and that the causes are remanded for further proceedings according to law.

*By the Court.*—It is so ordered.

On January 11, 1921, a reargument was ordered on the following question:

Do the revenue acts of Congress of 1914 and 1919 retain in force all material provisions of the revenue act of Congress of June 13, 1898, relating to the assessment and collection of taxes, and the provision making unstamped instruments, documents, and papers invalid, of no effect, and unrecordable and incompetent as evidence?

For the appellants the causes were submitted on the brief of *Kading & Kading* of Watertown, and for the respondents on that of *Clifford & Hartman* of Juneau.

A brief was also filed by *Douglass Van Dyke* of Milwaukee as *amicus curiæ,* on behalf of the Milwaukee Bar Association.

The following opinion was filed March 8, 1921:

Siebecker, C. J.  A reargument has been had, and we are satisfied that we arrived at an erroneous conclusion in the decision heretofore announced.  The error was occasioned by holding that certain provisions respecting the stamping of proxies and their competency as evidence were in force as parts of the revenue acts of Congress of 1914 and 1919.  We there held that these revenue acts of Congress provided for reading into them all the existing laws

relating to the collection of taxes so far as applicable, and that certain existing revenue laws so read into the later laws rendered unstamped proxies invalid and that they could not be voted at a corporate election, upon the ground that secs. 13 and 14 of the act of June 13, 1898, were then in force and became part of the acts of Congress of 1914 and 19.19 and made such unstamped proxies void and incompetent as evidence. The reargument discloses that sections 7, 13, 14, and 15 of the act of June 13, 1898, which provide that certain unstamped instruments, including proxies, should not be competent evidence in court, should be deemed invalid and that the record, registry, or transfer of any such instrument should not be used in evidence, were not included in the act of 1914 or 1919. Though these sections were incorporated in the bill passed by the House of Representatives, they were in fact eliminated by amendment in the Senate, and as so amended the bill was finally concurred in by the House of Representatives; thus expressly eliminating the provisions as they had been in secs. 7, 13, 14, and 15 of the act of June 13, 1898. This clearly indicates that Congress did not intend that any of these provisions of the act of June 13, 1898, were to be read into the acts here in question. It necessarily follows that we were in error in our former opinion in declaring that the provisions of secs. 13 and 14 of the 1898 act were read into the 1914 act. The case of *Cole v. Ralph,* 252 U. S. 286, 40 Sup. Ct. 321 (decided March 15, 1920), was first called to our attention after the former decision in this case had been announced. It was there held that the omission of the required revenue stamps from deeds did not make the instruments incompetent as evidence. The deeds received in evidence in that case over objection were without the stamps required by the act of October 14, 1914. In speaking on this subject the court declared:

"But this neither invalidated the deeds nor made them inadmissible as evidence. The relevant provisions of that

act, while otherwise following the language of earlier acts, do not contain the words of those acts which made such an instrument invalid and inadmissible as evidence while not properly stamped."

The defendant *Miller* contends that the court had no power to order this rehearing because neither party had made a motion for that purpose and because the order of the court directing a rehearing was not made within thirty days after the original decision of the case in this court was filed. The record was ordered to be retained by the court within sixty days after such decision was announced. Under these circumstances the court had the power to order a rehearing. *State ex rel. Postel v. Marcus,* 160 Wis. 354, 152 N. W. 419.

It is further urged that the former decision of this court overruling the order appealed from in the *Miller Case* was correct upon the ground that the presiding officer and inspectors of election at the corporate meeting wherein the unstamped proxies were voted were justified in rejecting the votes based on such proxies for the reason that reception of such ballots by the presiding officer and inspectors would have subjected them to a penalty under the provisions of sec. 6318*k*, 1919 Supp. to U. S. Comp. Stats. (Act February 24, 1919, ch. 18, sec. 1102, 40 U. S. Stats. at Large, 1133). The act provides: "Whoever makes, signs, issues, or accepts, . . . any instrument, document, or paper of any kind or description whatsoever without the full amount of tax thereon be duly paid, . . . is guilty of a misdemeanor" and subject to a fine. The claim that an acceptance of the votes by the inspectors and presiding officer representing the unstamped proxies constituted an unlawful acceptance of the unstamped proxies by such officer and inspectors of ballots within the contemplation of the foregoing section, is not sustained. Receiving and counting such ballots does not necessarily imply that the proxies were accepted by the persons conducting the elections; the proxies may have been approved by others

who were acting as officers of the company. Furthermore, while the word "accept" as used in this statute may refer to the persons to whom the proxies were given and by whom they were accepted, it cannot be said that the persons conducting the corporate election came within the terms of this statute.

Upon the grounds above stated the former decision reversing the order appealed from in the *Miller Case* was erroneous, and the mandate in this case must be that the orders appealed from are affirmed.

*By the Court.*—It is so ordered.