QUAKER MAID CORPORATION, Appellant, vs. NEW HOL-
STEIN CANNING COMPANY, Respondent.

*January 14—February 7, 1922.*

*Sales: Refusal of seller to perform: Complaint: Modification of
contract: Non-negotiable checks: Revenue stamps on checks.*

1. A complaint for breach of contract to sell peas "subject re-
   lease after embargo within next two weeks," alleging that
   the embargo was released April 26, 1920, states a cause of
   action, though it alleged that the contract was made April
   10th, where the final confirmation thereof was dated April
   12th, and it appeared from the correspondence attached to
   the complaint that both parties interpreted the contract as
   expiring on April 26th, since defendant could not, as alleged
   in the complaint, rely on the provisions of the contract with
   reference to the embargo as grounds of cancellation.
2. Where the seller proposed to extend the time of performance
   of the contract on condition that the buyer send a check "to
   hold until such time when we will be able to get permission
   to make shipment," a check indorsed "Not to be deposited
   until shipment of peas has been made as per terms of sale"
   was non-negotiable and did not comply with the seller's re-
   quest, so that there was no modification of the contract as
   to time of performance.
3. Defendant's claim that it had a right to reject the check of
   plaintiff because it bore no revenue stamp is immaterial
   where it does not appear that the check was rejected in fact.

APPEAL from an order of the circuit court for Calumet
county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

Demurrer. The amended complaint, after setting out
the corporate character of the parties, alleged that on the
10th day of April, 1920, the parties entered into an agree-
ment in writing by telegram, letters, and memoranda, copies
of which are attached to the complaint, and that by said
written agreement it was mutually agreed that the defend-
ant would sell and deliver to the plaintiff f. o. b. cars at
New Holstein, Wisconsin, 2,000 cases of Standard No. 4
Alaska peas at $1.10 per dozen; that thereafter the contract
was modified so as to include an additional 125 cases. It

appears from the correspondence that the contract contained the following clause: "Subject release after embargo within next two weeks." The complaint further alleged that on April 30, 1920, the defendant notified the plaintiff "that it would not deliver said peas nor ship the same, nor any part thereof, and notified the plaintiff that it had canceled its contract and agreement to deliver said peas and the sale thereof, on the sole ground that it relied upon the provisions of the contract with reference to the embargo conditions therein contained." It was further alleged that the defendant canceled the order by reason of the fact that it was able to secure a better price for the goods. It was further alleged:

"The plaintiff further alleges, on information and belief, that the embargo on said shipment was released and that the defendant company had full power and permission to ship said goods the 26th of April, 1920, and thereafter."

There was an allegation of full performance by the plaintiff and a claim for damages in the amount of $743.75. It appeared from the exhibits annexed to the complaint that upon April 21st the defendant wrote the representative of the plaintiff as follows:

"We have a car standing in readiness to load these goods in, but as yet they will not permit us to load same; however, from present indications, are inclined to believe that we will be in a position to get these goods moved in the very near future.

"Since selling these goods we have received an offer of $1.15 and no doubt could have obtained $1.20, but since they are sold, this does not concern us; but if we are unable to make shipment of these goods on or before the 26th of this month, we would ask that your client favor us with a check covering payment of the 2,000 cases to hold until such time when we will be able to get permission to make shipment."

Thereafter the plaintiff sent to the defendant his check for $4,334, upon the face of which was indorsed the fol-

lowing: "This check not to be deposited until shipment of peas has been made as per terms of sale."

To the check there was attached a memorandum as follows:

In account with

New Holstein Canning Co., New Holstein, Wis.

2,000 cases Standard No. 3 Alaska Peas at $1.10 per
dozen ................................$4,400
Less 1½ per cent .......................    66
                                        _____
                                        $4,334

with directions that the memorandum should be detached and retained before deposit of the check. No revenue stamp was placed upon the check. From an order sustaining the demurrer plaintiff appeals.

For the appellant the cause was submitted on the brief of L. P. Fox of Chilton.

H. F. Arps of Chilton, for the respondent.

ROSENBERRY, J. The trial court, in sustaining the demurrer to the original complaint, filed a written opinion.

The complaint was thereupon amended in several particulars. The demurrer to the amended complaint was thereafter sustained without opinion. The final confirmation is dated April 12, 1920, and although the complaint alleges that the contract was made on the 10th day of April, we think that allegation is controlled by the correspondence attached, it appearing that both parties interpreted the contract as expiring on April 26th by its terms. The complaint alleging that the embargo was released on April 26, 1920, the defendant could not, as alleged in the complaint, rely upon the provisions of the contract with reference to the embargo as grounds of cancellation. Therefore it must be held that the complaint states a cause of action.

The proposal made by the defendant in its letter of April 21st was a proposal to extend the time of performance upon

condition that the buyer, the plaintiff, send the defendant a check "to hold until such time when we will be able to get permission to make shipment." In response to that proposal the plaintiff sent its check, upon the face of which was the indorsement set out in the statement of facts. Indorsed as it was, the check was clearly a non-negotiable instrument and did not comply with the request of the defendant. Therefore there was no modification of the contract, the proposal made by the defendant not having been accepted by the plaintiff. The time of performance was therefore not extended.

There is some discussion in the case as to the effect of the failure of the defendant to attach a revenue stamp to the check. The defendant admits that under the decision in *State ex rel. Hemmy v. Miller,* 173 Wis. 412, 179 N. W. 815, 181 N. W. 745, the check is not invalid, but argues that, it being unstamped, the defendant might reject it for that reason. The difficulty with this position is that it does not appear that the check was rejected for any reason, the complaint in this respect being very indefinite. If the defendant received the check and retained it as a compliance with the terms of its proposal, a situation would arise which is not presented by the allegations of the complaint in this case. For the reasons stated it is considered that the complaint states a good cause of action and the demurrer should, therefore, have been overruled.

*By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings according to law.