Tiefenthaler, Respondent, vs. Biersach, Appellant.

*November 15—December 11, 1923.*

*Bills and notes: Holder in due course: Negotiable paper purchased at discount: Revenue stamps: Affixation by indorsee.*

1. If a person purchased a note given by one known to be solvent, for a mere nominal sum or a grossly inadequate price, it would be constructive notice of the invalidity of the note in the hands of the seller and he would buy at his peril; but the purchase of a $1,000 note for $900 from persons dealing in commercial paper is not such an inadequacy of price as to be constructive notice to the purchaser of infirmities therein, rendering him not a "holder in due course," within the meaning of sec. 1676—22, Stats. 1921. p. 247.

2. A promissory note which, when plaintiff purchased it, had a documentary stamp affixed, was properly received in evidence, although the maker claimed that no revenue stamp was to

be placed thereon until certain stock for which the note had been given was delivered, the evidence clearly showing that the first indorsee had authority to affix the stamp and no fraud being shown in this respect.   p. 248.

3. The evidence in this case is *held* insufficient to establish the absence of a revenue stamp on the note at the time of the transfer thereof, so as to constitute constructive notice of infirmities and render the transferee not a holder in due course.   p. 248.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge.   *Affirmed.*

Action on a promissory note.   The note was executed by *Eugene Biersach* on June 20, 1921, in the sum of $1,000, payable to himself twelve months from date.   It was indorsed by *Biersach* and delivered to one Osborne in payment for stock which defendant was to receive at a later time.

Thereafter the note was indorsed in blank by Osborne and delivered to one Owen.   Owen sold the note on July 5, 1921, without indorsing it, to plaintiff for $900.   The note having been dishonored upon maturity, it was duly protested by plaintiff and suit was begun against the maker in the civil court of Milwaukee county.   The indorser, Osborne, was then a fugitive from justice.

Plaintiff testified that he bought the note relying upon the judgment and statements of Owen, who told him that he had inquired at the bank and found that the signature was good and that *Biersach* was the owner of considerable property.   Defendant testified that he gave the note in payment for stock which was to be delivered at a future date; that the note was not to be effective until the delivery was made; that no revenue stamp was to be placed upon the note until such delivery; and that there was attached to the note at the time of signing, a paper setting out the foregoing agreement.   This agreement was not pinned to the note but was fastened by paper clips.

Defendant testified that Osborne had said he (Osborne) would have to place a stamp on the note before it would be

valid. The note was introduced in evidence. It bore a revenue stamp upon which had been indorsed the initials "E. B." and "O."

At the close of the testimony the court directed a verdict for plaintiff for the amount of the note, with interest, and judgment was ordered accordingly. The circuit court affirmed the judgment.

*W. C. Seefeld* of Milwaukee, for the appellant.

*Henry J. Bendinger* of Milwaukee, for the respondent.

JONES, J. It is claimed by counsel for appellant that the note in question was obtained by fraud; that the title of Osborne, who negotiated the note, was defective; and that under secs. 1676—25 and 1676—29, Stats., the burden was placed upon plaintiff to prove that he acquired title as holder in due course.

It is claimed by respondent's counsel that the representations made at the time of the execution of the note did not amount to fraud within the meaning of sec. 1676—25. We shall not discuss this question since we are convinced that plaintiff met the burden of proof required by sec. 1676—29.

Only two objections are raised to the adequacy of the proof that plaintiff became a holder in due course under sec. 1676—22. The first is that he procured the note at a discount. The note of $1,000 was purchased for $900 of persons dealing in commercial paper after plaintiff was assured by one of the partners that the note was all right. Undoubtedly if plaintiff had bought the note, given by a person known to be solvent, for a mere nominal sum or a grossly inadequate price, it would be constructive notice of the invalidity of the note in the hands of the seller and he would have bought at his peril. *DeWitt v. Perkins*, 22 Wis. 473; 3 Ruling Case Law, 1079.

The plaintiff in this case paid about ninety per cent. of the face of the note. It seems to us very clear under the au-

thorities that this was no such inadequacy as to charge him with notice of any defense. *Bange v. Flint,* 25 Wis. 544; *Heath v. Silverthorn L. M. & S. Co.* 39 Wis. 146; 3 Ruling Case Law, 1079. See cases collected in note in 29 L. R. A. N. s. 378.

It is next claimed that the note was unstamped and that this was notice to the plaintiff that there was no consideration and that the note was invalid. This claim is based on the fact that there was attached to the complaint a copy of the note in which it did not appear that any stamp was affixed. When the note was offered in evidence it appeared to be duly stamped, the stamp being on the back of the note.

The testimony was undisputed that when the plaintiff bought the note it had the stamp affixed as shown at the trial. There was testimony explaining that the omission to mention the stamp in the complaint was due to the inadvertence of the attorney who prepared the pleading.

The subject of stamping the note was discussed when it was executed and it plainly appears from defendant's testimony that the indorsee had authority to affix the stamp. There was no proof that there was any fraud in this respect.

There has been much discussion of the effect of failure to stamp instruments of this character, many of the courts holding that the provisions of the internal revenue act apply only to the federal courts. 8 Corp. Jur. 112; 3 Ruling Case Law, 923.

Without entering upon this discussion, we conclude that under the evidence and the decisions of this court the note was properly received in evidence and that no jury question was presented. *Rheinstrom v. Cone,* 26 Wis. 163; *Timp v. Dockham,* 29 Wis. 440; *State ex rel. Hemmy v. Miller,* 173 Wis. 412, 179 N. W. 815, 181 N. W. 745.

*By the Court.*—Judgment affirmed.