HARTFORD ACCIDENT AND INDEMNITY CO.
*vs.*
CHRISTINE G. BASS, ADMX.

Superior Court        New Haven County        File No. 59480

## MEMORANDUM FILED JANUARY 27, 1941.

*Watrous, Gumbart & Corbin*, of New Haven, for the Plaintiff.

*John V. O'Brien*, of New Haven, for the Defendant.

SIMPSON, J.   The complaint sets forth a cause of action upon a note endorsed by the payee, and executed by the defendant's decedent.   It is conceded that the note was executed by the decedent and was for value, and that there is now $4,700 due on it.

Upon this state of facts the plaintiff will be entitled to judgment for the full amount of the note, unless one or more of the special defenses set up by the defendant are good defenses, in whole or in part.

The defendant alleges as special defenses: (1) that the plaintiff is not the true and *bona fide* holder of the note for value; (2) plaintiff did not take the note in good faith; (3) plaintiff is not the holder of the note in due course; (4) plaintiff obtained possession of said note from Albert H. Moss (payee and plaintiff's assignor and endorser) by duress and force and fear and for an illegal consideration; (5) plaintiff simply holds said note as security for a debt of $4,808.87, and has received $1,200 in payments upon the note in question.

From the evidence offered by the defendant in support of her allegations and claims, it appears that on or about August 2, 1927, Edward A. D. Moss, a brother of Albert H. Moss, the payee of the note, qualified as executor under the will of Edward Wells, late of Worcester, Massachusetts, by filing a bond in the sum of $20,000, upon which the plaintiff was surety.   At the time Edward A. D. Moss was, and now is, a member of the bar of Massachusetts.   It is inferable from defendant's Exhibit 1 that on or before March 18, 1931, the said Edward A. D. Moss became short in his account as executor and was unable to pay all the amounts required to be paid to the various parties entitled as distributees under the will of Edwin A. Wells.   On said date the plaintiff, Edward A. D. Moss and Albert H. Moss entered into a written agreement whereby the plaintiff agreed to advance to Edward A. D. Moss as executor, such amounts not exceeding $5,000 as shall be required to enable the said Edward A. D. Moss

to pay all the distributees of the estate of Edwin A. Wells the sums required to be paid them, and that Edward A. D. Moss and Albert H. Moss agreed to indemnify and save harm-less and repay the plaintiff all said monies so advanced, in-cluding counsel fees and expenses, with interest at six per cent per annum, and Albert H. Moss, as part of said agreement, did agree to assign and did assign to the plaintiff, as security for the performance of the agreement, the note of Walter J. Bass, dated March 3, 1928, upon which there was due the sum of $5,900, said note being payable to Albert H. Moss. The agreement further provided that the plaintiff "shall have full rights to enforce said note in its name."

The defendant claims from the facts proven that Edward A. D. Moss had converted funds of the estate for his own use, and that the agreement and assignment of the note was executed by the plaintiff under a threat of prosecution or complaint to the bar grievance committee.

There is no evidence of any such threat on the part of the plaintiff nor of any promise to refrain from making a com-plaint to the prosecuting authority or a complaint to the grievance committee. It is inferable that the shortage of Edward A. D. Moss rendered the plaintiff liable upon its bond, but there is no evidence that Edward A. D. Moss converted any of the assets to his own use.

The defendant claims that this is inferable from the facts. It is equally inferable that Edward A. D. Moss had made improper and illegal investments of the funds he held as execu-tor which would render his bondsman liable. The court would not be justified in holding that there had been a conversion by the executor.

In the application for the bond, Edward A. D. Moss agreed to indemnify the plaintiff for any loss which it might incur as surety. Assuming that the plaintiff was liable on its bond, it was perfectly legal for it to seek indemnification before it advanced any money to make up the shortage. This was the avowed purpose of the agreement and assignment of the note.

One to whom a promissory note has been transferred before the due date as collateral security, and who takes it without notice of a defense existing against it in the hands of the person from whom he received it, is entitled to be treated as a *bona fide* holder for value, in the commercial sense. *Williams vs. Smith,* 2 Hill (N.Y.) 301.

In this case there was no defense which the maker of the note had against the payee.

It is the conclusion of the court that the plaintiff is a holder in due course, for a valid consideration, and in good faith.

The defendant further claims that the note was merely assigned as collateral and that the plaintiff can recover only the amount advanced under the agreement, less the amount actually collected on the note assigned.

As a general rule a holder of a negotiable note, as security, may recover in his own name the entire amount of the note. If he recovers more than his debt, he holds the excess in trust for the benefit of the payee, or his endorser. There is a class of cases, however, which hold that a holder for value and as collateral security can recover no more than his debt, if less than the note. These seem to be limited, however, where the holder's endorser could not recover anything upon the note. This seems to be the situation in *Mersick vs. Alderman,* 77 Conn. 634, and cases cited on page 638. See, also, cases cited in *Cromwell vs. County of Sac,* 96 U.S. 51, at page 16 (cited in *Mersick vs. Alderman*); *Lay vs. Wissman,* 36 Iowa 305; *Stoddard vs. Kimball,* 6 Cush. (Mass.) 469. In the latter case the court said (p. 471): "In general, the holder of an indorsed note will be entitled to recover the whole amount of the face of the note, because the presumption of fact, in the absence of counter proof, is, that he gave the full value for it, or *that he took it from some other holder for value, to collect the amount, receive a certain part to his own use, and account to the party from whom he took it for the surplus.* Having taken it [accommodation note] to secure a preexisting debt, of a less amount, he is a holder for value in his own right, only to the amount of the debt due him. If therefore it appears in proof, that the plaintiff is not accountable to any third person for any surplus, then there is no reason why he should recover any more than the balance of the debt for which he is a *bona fide* holder for value. Here, it appears that the plaintiff received this note of the maker, for whose accommodation the defendant indorsed it. It being obvious, that the plaintiff can recover nothing as trustee for the party from whom he received it, he is liable over to nobody for the surplus, and therefore can have judgment only for the amount due to himself, for his own use and in his own right, which is so much of the note as may be necessary to satisfy the balance

of the debt, for the security of which he received it." (Italics supplied.)

There were no defenses against the note by defendant's decedent as against Albert H. Moss; it was transferred in good faith to the plaintiff, for value, and the plaintiff was given express power to enforce it in his own name. Under the circumstances the court has reached the conclusion that the plaintiff is entitled to the amount now due on the note.

The plaintiff asks for double costs. The court is of the opinion, however, that some of the defendant's claims are not so unreasonable as to justify double costs.

The issues are found for the plaintiff and judgment rendered for it to recover $4,700 with interest from September 3, 1938, amounting in all to $5,376.80, and costs.