SCHIFFER, Administrator, and others vs. THE CITY OF EAU CLAIRE.

*February 8 — March 2, 1881.*

JOINDER. *(1) Statutory rule as to joinder of plaintiffs in legal actions. (2) Damages from mill dam: who may join in action. (3) Remedy for superfluous plaintiff.*

1. The statutory rule that "all persons having an interest in the subject of the action and in obtaining the relief demanded, may be joined as plaintiffs," etc. (R. S., sec. 2602), is applicable not only to actions formerly denominated equitable, but also to those formerly denominated legal, including those for a recovery of money only.
2. The remainder-man may join with persons owning intermediate estates in an action under the statute to recover all the damages, past or future, arising from the construction and maintenance of a mill dam; and defendant cannot object that the court may be required to apportion the amount recovered to the several plaintiffs.
3. A demurrer to the complaint for a misjoinder of causes of action, or for failure to state facts sufficient to constitute a cause of action, will not lie merely because as to one of several plaintiffs no cause of action is stated.

APPEAL from the Circuit Court for *Eau Claire* County. This case is thus stated by Mr. Justice TAYLOR:

"The action is brought to recover damages for flooding the plaintiff's house and lot, situate in the city of Eau Claire, by the maintenance of a dam across the Chippewa river by the defendant. The complaint shows that the premises flooded are a lot containing one acre of land, with a dwelling-house and appurtenances situate thereon; that one Winnard Eller owned the same in fee; that he died intestate in 1873, and left a widow, Magdalena Eller, and seven children, his only heirs-at-law; and that *Otto R. Schiffer* is the duly appointed administrator of the estate of said deceased. The widow, children and administrator all join in this action as plaintiffs. The complaint alleges that the house and a quarter of an acre of the land were the homestead of the deceased at the time of

his death, and the widow is entitled to an estate therein during her widowhood, and that she is still the widow of the deceased; that all the premises have been occupied by the widow and her children ever since the death of the deceased, without any setting apart of the homestead, or the widow's dower in the remainder of the premises, and were so occupied at the time of the injuries complained of. After alleging the erection and maintenance of the dam by the defendant, the complaint alleges that, by reason thereof, the water of the river percolates through the banks of the river and overflows and submerges a considerable portion of the premises, and has greatly damaged and does greatly damage the same, *and has destroyed the value* thereof, and has rendered the same, and ever will continue to render the same, *untenantable and worthless;* and that by reason thereof the said widow and her children were obliged to and have wholly abandoned said premises, and cannot and have not for upwards of nine months lived upon or occupied the same, and the same has become and ever will continue *to be worthless for the purposes of cultivation*, and *wholly unfit therefor;* and that thereby the plaintiffs have sustained injury and damage in the sum of $1,200.

"To this complaint the defendant demurred, and alleges as grounds of demurrer, (1) that several causes of action have been improperly united therein; and (2) that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendant appealed from the order."

The appeal was submitted on the brief of *Henry H. Hayden* for the appellant, and that of *Meggett & Teall* for the respondents.

For the appellant it was argued as follows: Three several causes of action are united in the complaint. The first of these is for the damages which have accrued to the widow on account of her estate for life in the homestead. She alone is entitled to all the relief which could be demanded for dam-

ages to such estate, her ownership thereof being several and exclusive, and not joint. 2 Bl. Comm., 179; Bouvier's Dic., "Estate." The second cause of action is on account of the injuries to the estate in remainder held by the children in the homestead. All the relief demanded or obtained for such damage would belong to the children, and they only, therefore, could be proper parties plaintiff in an action therefor. See R. S., sec. 2198. The third cause of action is for injuries to the three-fourths of an acre not included in the homestead, and seems to be owned by the widow and children together, each having a present estate in that portion of the premises. It is evident that these causes of action do not each affect all the parties to the action. R. S., sec. 2647. In the second, the widow is not an interested party, and the children have no interest in the subject of the first, or in obtaining the relief therefor. R. S., sec. 2602. The complaint is therefore bad on demurrer. *Earle v. Scott*, 50 How. Pr., 506, 508; *Newcomb v. Horton*, 18 Wis., 567; *Barnes v. City of Beloit*, 19 id., 94. The impossibility of determining in an action at law how much of any judgment which might be recovered should belong to each of the parties plaintiff, seems to preclude the possibility that these three distinct causes can properly be joined in the same complaint. Though the causes are not separately stated, yet, if they are distinct, there is a misjoinder. *Earle v. Scott*, *supra*. The plaintiffs might have maintained their separate actions at law, or they might have joined in an equitable action to have the dam abated, for they would all have been entitled to that relief and would have had a common interest therein. *Cobb v. Smith*, 23 Wis., 264.

For the respondents it was argued as follows: The subject of this action is damages for destruction or injury of the premises, and in this subject the plaintiffs are all interested. R. S., sec. 2602; *Loomis v. Brown*, 16 Barb., 325; *Simar v. Canaday*, 53 N. Y., 298, 305; *Armstrong v. Hall*, 17 How. Pr., 76; *Richtmyer v. Richtmyer*, 50 Barb., 55. A complaint

Schiffer, Adm'r, and others vs. The City of Eau Claire.

does not unite several causes of action improperly, if they relate to matters of the same nature, and are all connected with each other, and all the parties plaintiff are interested, although the rights of the parties in respect to the subject may be different, and some may be interested in a part only of the general claim. *Blake v. Van Tilborg*, 21 Wis., 672; *Bassett v. Warner*, 23 id., 673, 685; *Coates v. Legard*, 11 Eng. Rep. (Moak's Notes), 669. The children of the intestate, as heirs and owners of the premises (subject to the rights of the widow and administrator), having a cause of action, may still recover upon this complaint, even though they may have improperly joined the administrator or widow as plaintiffs. A demurrer will not lie for an excess of parties plaintiff. *Marsh v. Supervisors*, 38 Wis., 250; *Truesdell v. Rhodes*, 26 id., 215; *Allen v. City of Buffalo*, 38 N. Y., 280.

TAYLOR, J. The appellant insists that there are three separate causes of action stated in the complaint, viz.: (1) a cause of action in favor of the widow alone for the injury done to the homestead; (2) a cause of action in favor of the children of the deceased for the injury done to the estate in remainder, as to the homestead; and (3) a joint cause of action in favor of the widow and children for the injury done to the three-fourths of an acre which is not a part of the homestead. As to this last cause of action it is not denied that the widow and children may properly join as plaintiffs. It being conceded that the parties are properly joined as to the third cause of action, the only question to be determined upon this appeal is, whether the persons owning the remainder may join in an action with the person owning the intervening estate, to recover damages caused by the same unlawful act of the defendant, when it is shown that the persons owning the intermediate estate and the estate in remainder are both injured by such act. The learned counsel for the appellant do not contend that an action cannot be maintained by the person

owning the estate in remainder during the continuance of the intermediate estate, when the injury complained of is detrimental to the estate in remainder. That such action may be maintained by the remainder-man, especially against a stranger to the title, is well settled by the authorities. *Van Deusen v. Young*, 29 N. Y., 9; *Pomfret v. Ricroft*, 1 Saunders, 321, note 322*b; Queen's College v. Hallett*, 14 East, 489; *Jackson v. Pesked*, 1 Maule & Selwyn, 234; Chitty's Pl., 140.

But it is insisted by the learned counsel for the appellant, that, as the damages which the remainder-man can recover do not belong to the person owning the intermediate estate, and *vice versa*, the causes of action are separate and distinct in favor of the separate plaintiffs, and cannot, therefore, be joined. It is not contended that if this were an action to abate the defendants' dam as a nuisance to the plaintiffs, they could not all properly join in such action under the provisions of section 2602, R. S. 1878. See Bliss on Code Pleadings, § 73, and cases cited; *Williams v. Smith*, 22 Wis., 594; 1 Wait's Practice, 112. The section reads as follows: " All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided by law." But it is argued that because this is an action which was formerly denominated an action at law, and because the relief demanded is compensation in money only for the injury sustained, and because the money recovered will belong to the plaintiffs in severalty in proportion to the injury each has sustained, the plaintiffs cannot join in the action. Certainly this objection is not taken in the interest of the defendant, and, if it must prevail, it must prevail on account of some technical rule which remains in force notwithstanding the code. So far as the defendant is interested, it would seem for his protection that all persons whose estate or interest in the same property has been injured by the act of the defendant, should join in the action. The judgment would bar all the plaintiffs and save him the ex-

penses of several suits instead of one.    In such case the whole damage to the property could be much more readily ascertained than if the court and jury were compelled to divide it up and determine how much the injury was to the remainder-man, and how much to the person owning the intermediate estate. That there might be difficulty in determining the rights of the plaintiffs, as between themselves, is a matter which does not concern the defendant, and he is relieved from this difficulty by the joinder of the parties.    Bliss, in his work above quoted, section 74, says: "But it has come to be generally conceded that the rule under consideration is universal in its application, as it is in terms; and if two or more are interested in the subject of the action, and in the relief sought, they may unite as plaintiffs for the recovery of money or other specific real or personal property."    And in speaking of the objection as to the difficulty of adjusting the rights of the plaintiffs between themselves, he says: "But the suggestion supposes that the several rights will always be ascertained by the verdict. While in many cases this may be done, and must be done when the extent of the liability depends upon the amount of each of the several claims, yet otherwise and in other cases the verdict need only find the fact of the defendant's liability and its amount, leaving the adjustment among the plaintiffs to be made by themselves after judgment, or by the court before it is entered."

This last suggestion of the learned author was approved and acted upon by this court in *School Districts v. Edwards*, 46 Wis., 150.    Justice Lyon, who delivered the opinion of the court in that case, says: " The fact that the several school districts are entitled to the money in unascertained and probably in unequal proportions, is no impediment to this action.    This is a matter between the districts, with which the appellants have no concern.    It is sufficient, for the purpose of maintaining the action, that they are jointly entitled to the money claimed.    It may be remarked, however, that no good reason

is perceived why the court may not, in this action (if there is a recovery), direct the money to be paid into court, and, by reference or otherwise, ascertain the due proportion of each district, and distribute the money accordingly." In that case the defendants had given to the town of Centralia their due-bill or note for $850, and the town had, as was held, lawfully assigned the due-bill to the several school districts in the town for the support of schools, to be apportioned amongst said districts according to the number of persons of school age in each. Three of the districts united as plaintiffs in the action, and the fourth, being the only remaining district in the town, having refused to join with the plaintiffs, was made a defendant. The complaint was demurred to, and this court held it good, and that the joinder of the plaintiffs was proper for the reason above stated. In that case there was one subject of the action, to wit, the defendants' due-bill. All the plaintiffs had an interest in it, but their interests were separate, different, and unascertained in amount.

In the case of *Loomis v. Brown*, 16 Barb., 325, the court held that the rule of the statute is just as applicable to actions which were heretofore denominated actions at law as to equitable actions. Justice GRIDLEY, who delivered the opinion of the court, says: "This is now the rule in all cases, whether such as were formerly the subjects of suits in equity or of actions at law; and we are to administer it according to its true intent, however the practice may differ from the rule that heretofore has prevailed in actions at law. It is only necessary to advert to the fact that the rule prescribed by the code is applicable to *all* suits, and then consider the identity of the rule the code has adopted for the joinder of plaintiffs, with the rule as it prevailed in equity, to be convinced that we are now to hold the same rule applicable to both." The action in that case was to recover damages upon an injunction bond. The plaintiffs were not jointly interested in the damages resulting from the injunction, but they were all damaged by reason of

its allowance, and it was held that all who were injured by it, and who were included in the bond, could join in the action as plaintiffs, and the learned judge in conclusion says: "All have an interest in the subject of the action and the relief demanded; that is, in the damages arising out of the operation of the injunction. It is not said to be a joint or an equal interest, or even a common interest, but simply an interest in the subject of the action, with a view of doing full justice, and settling the rights of all parties in interest in one suit.".

In the case at bar, the subject of the action is the premises owned by the plaintiffs, and the cause of action is the injury done to the premises by a single act of the defendant. All the plaintiffs have an interest in the subject of the action, and in obtaining the relief demanded, and are properly united in the action. There is, therefore, no improper joinder of causes of action. This view of the case is also sustained by this court in *Samuels v. Blanchard*, 25 Wis., 329; *Bassett v. Warner*, 23 Wis., 673, 686; *Welch v. Sackett*, 12 Wis., 243; *Stevens v. Campbell*, 13 Wis., 375; *Gates v. Boomer*, 17 Wis., 455; *Peck v. School Dist.*, 21 Wis., 516, 520; and in the following cases in other courts: *N. Y. & N. H. Railroad Co. v. Schuyler*, 17 N. Y., 592, 606; *Simar v. Canaday*, 53 N. Y., 298, 306; *Owen v. Frink*, 24 Cal., 171.

This case is clearly distinguishable from *Newcomb v. Horton*, 18 Wis., 566; *Barnes v. Beloit*, 19 Wis., 93; *Howland v. Supervisors*, id., 247; and other cases in this court of a similar kind. In those cases the parties sought to be joined were neither interested in the same subject of action nor in the relief demanded. No two of the plaintiffs in those cases had an interest in the same real estate sought to be relieved from the illegal tax; had they been, it is very clear the decision must have been different. As the action in those cases was an equitable one, if two or more of the plaintiffs had been tenants in common, or if one had been the tenant and another the landlord, or if they had had the same interest in the same

piece of real estate sought to be relieved as the plaintiffs in this case have, there can be no doubt as to their right to join in the action, and the court would undoubtedly have compelled them to join, on the application of the defendants, in order to protect their interests against a multiplicity of suits.

We agree with the learned counsel for the appellant that no cause of action is stated in the complaint in favor of the administrator; that he is a superfluous party; and that such a superfluity of parties cannot be taken advantage of by the demurrer of the defendant filed in this action. *Marsh v. Supervisors*, 38 Wis., 250; *Willard v. Reas*, 26 Wis., 540.

*By the Court.*— The order of the circuit court is affirmed.