ALROPA CORPORATION, Appellant, vs. FLATLEY, Respondent.

*December 9, 1937—January 11, 1938.*

562

For the appellant there was a brief by *Benjamin J. Miller* and *George J. Laikin,* both of Milwaukee, and oral argument by *Mr. Laikin.*

For the respondent there was a brief by *Chas. H. Avery,* and oral argument by *Mr. Avery* and *Mr. W. J. Flatley,* both of Antigo.

ROSENBERRY, C. J.   On April 20, 1925, the defendant purchased certain real estate from the Baker-Riddle Com-

pany situate in Dade county, Florida. The purchase price was $9,475, $3,850 was paid in cash, mortgages to the amount of $4,000 were assumed, and the remainder of the purchase price $1,625 was represented by two promissory notes, one for $825 and one for $800, due two years after date. The notes were secured by a third mortgage executed on the same day, covering the real estate purchased by the defendant. On August 26, 1925, the defendant sold the property to one H. Leonard Shaw, receiving net therefor $13,600, which was paid to him as follows: $3,600 in cash, Shaw assuming the three mortgages then on the property, and executed three notes secured by a mortgage payable to the defendant for the remainder of the purchase price, $4,375. On April 21, 1926, the defendant paid $252.60 on the $825 note, leaving due on the notes the sum of $1,372.40. The defendant failing to make further payments, foreclosure proceedings were begun in the circuit court for Dade county, Florida. Service was had by publication and by mailing. The defendant did not appear in the action either personally or by attorney. The real estate was sold subject to the first and second mortgages, and brought $500. After deducting the expenses, costs, and fees in connection with the foreclosure, $94 was credited upon the two notes now in suit, leaving due a balance of $1,278.40. The foreclosure sale was had on June 6, 1927. The Florida real-estate boom which was at its height when defendant had purchased and sold the property in 1925 had collapsed. The plaintiff here is assignee of Baker-Riddle Company, and brought suit to recover the balance due upon the notes.

During the course of the trial the court permitted the defendant to amend his answer so as to plead the six-year statute of limitations. Plaintiff contends that this was an abuse of discretion. In view of the conclusion which we have reached upon the second assignment of error, it is not necessary to decide this contention.

It is next contended that the trial court erred in holding that the notes were not sealed instruments. They were in the ordinary form of promissory notes, signed "M. A. Flatley (Seal.)" No reference to a seal or sealing was contained within the body of the notes. While the contracts in this case were executed in Antigo, they were delivered in Florida and related to Florida lands, and the law of Florida governs. *Lyndon Lumber Co. v. Sawyer* (1908), 135 Wis. 525, 116 N. W. 255; *Eau Claire National Bank v. Benson* (1900), 106 Wis. 624, 82 N. W. 604.

The Florida statute provides:

Section 2484, Florida Compiled Laws, 1914. "A scrawl or scroll, printed or written, affixed as a seal to any written instrument shall be as effectual as a seal."

The following cases sustain the plaintiff's contention that the instrument was a sealed instrument. *Comerford v. Cobb* (1849), 2 Fla. 418; *Langley v. Owens* (1906), 52 Fla. 302, 42 So. 457; *Grand Lodge K. of P. v. State Bank of Florida* (1920), 79 Fla. 471, 84 So. 528, 532.

In the last case the Florida court said (p. 480):

"Where a seal is affixed to the signature of the payor in a written promise to pay money reference to the seal in the body of the instrument is unnecessary to make the instrument effective as a sealed instrument."

Sec. 335 of the Restatement, Conflict of Laws, is as follows:

"The law of the place of contracting determines whether an instrument alleged to be a contract under seal is effectively sealed; whether it is duly executed and delivered; whether it is valid without consideration, and if not whether consideration has been given."

The trial court was in error in holding that the action was barred by the six-year statute of limitations. The notes being sealed, the ten-year statute of limitations (sec. 330.18 (2)), applied.

It is next contended that the trial court erred in holding that the defendant was induced to purchase the property in Florida and execute the notes in question by the false and fraudulent representations of the Baker-Riddle Company. The false and fraudulent representations found by the court were that an agent of the Baker-Riddle Company represented that a boat canal or waterway from the ocean was to be constructed in a few days along the rear line of the five acres, so that the possessor might enjoy boating and fishing from his back yard; also the Dixie highway, the principal paved highway in the state, had been laid out and was about to be built by the corner of these five acres, connecting them directly with the northern states and the city of Miami; also, that other improvements had been undertaken and were about to be made to the property to convert it into a splendid residence property. It appears without dispute that four months after the defendant purchased the property he sold it at a profit of $4,125; the sale price being represented by $3,600 in cash and by the assumption of mortgages and the execution of notes secured by mortgage as set out in the statement of facts. While the defendant never realized upon the securities which he received on the sale, his resale certainly affirmed the transaction by which he obtained the title. However, the defendant might affirm the transaction, retain the property, and sue for damages for fraud and deceit. *Bischoff v. Hustisford State Bank* (1928), 195 Wis. 312, 218 N. W. 353.

The representations made by the vendor or its agent to the defendant were representations relating to a future state of facts and not to a then presently existing condition. A road was to be built, a canal was to be constructed, other improvements were to be made; none of the acts, however, to be performed by the vendor nor in any way under its control. To amount to a fraud upon the purchaser the representations

must relate to present or pre-existing facts, and it cannot ordinarily be predicated on unfulfilled promises or statements made as to future events. *Beers v. Atlas Assurance Co.* (1934) 215 Wis. 165, 253 N. W. 584. One of the exceptions to this rule is that when promises are made upon which the purchaser has a right to rely, and at the time of making them the promisor has a present intent not to perform them, the promises may amount to fraudulent representations and liability result. There is nothing in the evidence to show that the vendor or its agent did not, in common with all other speculators in Florida lands, have reason to believe that its expectations would be fulfilled. The evidence is that the improvements were not made. There is no evidence tending to prove that such improvements were not contemplated by the public authorities. The collapse of the Florida real-estate boom no doubt fully accounts for the failure of the expected improvements to materialize. In any event, the representations related to a matter of public record as to which the buyer's means of information were the same as those of the vendor. Under the circumstances of this case, the buyer had no right to rely upon representations of the character found by the trial court, they being mere statements as to future events, and amounted to puffing or sales talk. *Warner v. Benjamin* (1895), 89 Wis. 290, 62 N. W. 179; *State Bank v. Brown* (1909), 142 Iowa, 190, 119 N. W. 81 (public improvements).

It is next contended that the court erred in holding that in the foreclosure of the mortgage in the chancery court of Florida, a deficiency judgment in that court was waived, and consequently the plaintiff and its assignor are barred and estopped from recovering upon the notes secured by mortgage which are being sued upon in this action.

As already stated, service was had by publication, and the defendant did not appear either by counsel or in person, therefore no deficiency judgment could have been taken against him in the state of Florida. On the 4th day of April, 1927,

the bill of complaint was taken as confessed, and the order entered recited—

"that constructive service was had upon said defendant as required by law . . . and the defendant having failed to appear, plead, answer or demur"—

and ordered that "the said bill be taken as confessed." Thereupon the matter was referred to the master in chancery who filed his report of sale from which it appears that a showing was made before the master that the property had brought its reasonable market value. The prayer for confirmation was as follows:

"Wherefore, the complainant prays that said sale may be confirmed, the complainant not requesting the entry of any deficiency decree."

Inasmuch as no valid deficiency decree could have been entered, the prayer for confirmation merely informed the court that in this particular case no deficiency decree was to be entered. It having been made to appear by the findings of the master in chancery that the property brought its reasonable market value, there appeared to be no reason in any event for withholding confirmation. Just how this procedure resulted in a bar or estoppel precluding the plaintiff from asserting its rights under the notes for the unpaid balance we are unable to see.

The cases cited to sustain the propositions are cases in which the trial court had jurisdiction to enter a deficiency judgment. The question was whether the judgment entered was *res adjudicata* in a subsequent action at law on the same notes. The court held that a decree for deficiency having been entered in the foreclosure actions, a subsequent action at law on the notes could not be maintained. *Cragin v. Ocean & Lake Realty Co.* (1931) 101 Fla. 1324, 133 So. 569, 135 So. 795.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to enter judgment for the plaintiff on the notes for the amount due.