ZINGALE, Respondent, vs. MILLS NOVELTY COMPANY, Appellant.

*October 14—November 9, 1943.*

146

For the appellant there was a brief by *Bloodgood & Passmore* and *William E. Burke,* all of Milwaukee, and oral argument by *Mr. Burke.*

For the respondent there was a brief by *Milton T. Murray* and *Arlo McKinnon,* both of Milwaukee, and oral argument by *Mr. McKinnon.*

BARLOW, J.   Appellant contends that respondent's failure to give notice under sec. 121.49, Stats., precludes his right to recover.   Sec. 121.49 provides:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."

This is a tort action for damages for fraud and deceit. The respondent elected this remedy in preference to a rescission of the contract and a return of the ice-cream unit. There is no claim that the unit was defective or that it failed to comply with any warranty or any promise made by the agent or agents of the company relative to the unit. The false representations were with reference to the room or place to be used for the manufacture of ice cream. The purpose of this statute is to apprise the vendor or seller of any claimed breach of warranty for the merchandise sold within a reasonable time after the buyer knows, or ought to know, of such breach. Liability could exist for damages for fraud or deceit on the part of a person who made no sale or was not a party to a completed contract. The damages arising in this instance are in no way occasioned by any breach of warranty but are predicated upon a false representation as to particular premises, and the statute in question does not apply.

The next question strenuously argued by appellant is that the court erred in refusing to grant the motion of appellant' to dismiss respondent's complaint notwithstanding the verdict, and that there was error in the court's instruction to the jury as there is no specific testimony that appellant's agent represented that the premises in question would comply with the regulations necessary to obtain a license to manufacture ice cream. There is testimony that appellant's agent Somers, after examining the premises, informed respondent and his

wife that the room would be an ideal location to manufacture ice cream and that nothing more was required than a coat of paint and a new linoleum, and that on a later date appellant's agents Somers and Haegg again examined the room and stated to respondent and his wife that this was an ideal location for this purpose. Somers admitted that he knew at the time that the place was objectionable and failed to disclose this fact to respondent. He knew respondent's condition financially and knew that he had no knowledge of the manufacture of ice cream or that it was necessary to obtain a license to manufacture, and that the premises were required to comply with certain standards in order to obtain this license. On this question the court instructed the jury as follows:

"In answering the first question you are instructed that in order to find that the defendant company, through its agent or agents, made a representation that the stock room at 1501 North Jackson street would qualify, be eligible, or would be permitted by the health authorities as a place for manufacturing ice cream, without renovation other than new paint and linoleum, you need not find that the agent or agents used the exact or specific language that the stock room would so qualify or would be so eligible or would be so permitted by the health authorities; it is sufficient to find such representation, if you find that under all the facts and circumstances in evidence herein as to the situation prior to the entering into of the contract of sale, the language the agent or agents did use impliedly or inferentially represented to plaintiff that the stock room would so qualify or be eligible or be permitted."

This instruction is in accordance with the rule laid down in Restatement, 3 Torts, p. 91, sec. 539:

"A statement of opinion in a business transaction upon facts not disclosed or otherwise known to the recipient may reasonably be interpreted as an implied statement that the maker knows of no fact incompatible with his opinion. . . ."

Respondent had a right to believe from the statements made by appellant's agents that the room in question was suitable

and proper to be used for the manufacture of ice cream and that nothing more would be required than a coat of paint and some linoleum. This was very important to him in making his decision, and it was evident to the agents of appellant that alterations and changes as required by the proper authorities could not be made and the building remain suitable for the general purposes for which it was being used. Whether this may be said to be a deliberate withholding of a statement of facts or whether it may be interpreted as an implied statement does not change the result. Under the evidence it was properly a question of fact for the jury and was submitted to the jury under proper instructions from the court. The special verdict of the jury finds in respondent's favor all facts essential to his recovery, and upon examination of the testimony we find no justification to disturb their answers.

The jury awarded damages to respondent for the following items: Original cartage and installation expense, $52.82; moving and reinstallation expense at new quarters, $399.05; new help required at new quarters, $356; loss on resale of machine, $315; total $1,122.87. It is claimed by appellant that the damages should be computed with reference to the time and place of the fraudulent transaction and fixed as of the date on which the fraud was discovered, and for this reason the items of expense for moving and additional help should not be allowed, and that the other items are also improper.

Under general principles, an injured party is entitled to recover in a tort action such damages as result directly, naturally, and proximately from fraud, including those which were actually or presumptively within the contemplation of the parties when the fraud was committed. *Hilgendorf v. Schuman,* 232 Wis. 625, 288 N. W. 184; 24 Am. Jur. p. 48, sec. 218, and cases cited: *Dushane v. Benedict,* 120 U. S. 630, 7 Sup. Ct. 696, 30 L. Ed. 810; *Feldmesser v. Lemberger,* 101 N. J. Law, 184, 127 Atl. 815, 41 A. L. R. 1153; *Crater v. Binninger,* 33 N. J. Law, 513, 97 Am. Dec. 737; *Robertson v. Halton,* 156 N. C. 215, 72 S. E. 316, 37 L. R. A. (N. S.)

298; *Selman v. Shirley,* 161 Or. 582, 85 Pac. (2d) 384, 124 A. L. R. 1.

No claim is made by respondent for loss or damages by reason of his having conducted the business. It was necessary to make the first installation in order to operate and this expense should properly be treated as a cost of operation which is assumed by respondent in his general operations the same as ingredients purchased and labor furnished in the operation of the business, and is therefore disallowed. However, the expenses of moving the equipment to a new location and for additional help necessary are damages resulting directly, naturally, and proximately from the fraud. It would not have been necessary to incur this expense except for the fraud and deceit of appellant. The difference in the amount paid for the machine and the amount received for it is a loss suffered by respondent by reason of the false representations of appellant. The evidence, however, does not sustain the amount found by the jury. There is no dispute in the testimony that the total payments made by respondent amounted to $865, and that in making the sale the purchaser assumed the unpaid payments and paid to respondent $450 in cash, together with a note for $250, making a total of $700. The acceptance of the note in the sum of $250 must be treated as payment received by respondent in the sale, and he has received a total of $700. This would leave a balance of $165 as the difference between the amount paid on the purchase price by respondent and the amount received by him for his equity in the property in place of $315 as found by the jury. It follows that the item of $52.82 is disallowed and the item of loss on resale of the machine is reduced from $315 to $165, which reduces the damages from $1,122.87 as found by the jury to $920.05.

*By the Court.*—Except as herein modified, judgment affirmed, with costs to appellant.