HARTWIG and another, Appellants, v. BITTER, Respondent.

*January 10—February 1, 1966.*

654

For the appellants there was a brief and oral argument by *David L. Walther* of Milwaukee.

For the respondent there was a brief by *Ray T. McCann* and *Richard A. McDermott*, both of Milwaukee, and oral argument by *Mr. McDermott*.

HEFFERNAN, J.

I.

*Were the representations of the defendant merely opinions in regard to future events and, hence, not actionable?*

The trial judge correctly stated the general rule that, in actions for deceit, the fraudulent misrepresentations must relate to present or pre-existing events or facts and cannot be merely unfulfilled promises or statements of future events.[1]

The exception to that general rule was foreshadowed in the concurring opinion of Mr. Justice EDWARD FAIRCHILD in *Beers v. Atlas Assurance Co.*[2] The exception to the

[1] *J. H. Clark Co. v. Rice* (1906), 127 Wis. 451, 465, 106 N. W. 231.

[2] (1934), 215 Wis. 165, 185, 253 N. W. 584.

rule was adopted by this court in *Alropa Corp. v. Flatley*.[3] It is that exception to the *in praesenti* rule that we consider applicable here.

The rule and the exception are stated in *Alropa*.

"To amount to a fraud upon the purchaser the representations must relate to present or pre-existing facts, and it cannot ordinarily be predicated on unfulfilled promises or statements made as to future events. *Beers v. Atlas Assurance Co.* (1934), 215 Wis. 165, 253 N. W. 584. One of the exceptions to this rule is that when promises are made upon which the purchaser has a right to rely, and at the time of making them the promisor has a present intent not to perform them, the promises may amount to fraudulent representations and liability result." [4]

Prosser points out that:

"Ordinarily a prediction as to events to occur in the future is to be regarded as a statement of opinion only, on which the adverse party has no right to rely. It was said very early that 'one cannot warrant a thing which will happen in the future,' and where the statement is that prices will remain unchanged, that taxes will be reduced, that cattle will reach a given weight within a specified time, that the plaintiff will be able to obtain a position, or that he will have profitable building lots next to a highway, the law has required him to form his own conclusions. Such prophecy does, however, always carry an implied representation that the speaker knows of no facts which will prevent it from being accomplished; and as in the case of any other opinion, it has been held that there may be reasonable reliance upon the assertion where the speaker purports to have special knowledge of facts which would justify the expectations he is raising." [5]

---

[3] (1938), 226 Wis. 561, 565, 277 N. W. 108.

[4] *Alropa Corp. v. Flatley, supra,* page 565; *Anderson v. Tri-State Home Improvement Co.* (1955), 268 Wis. 455, 462, 67 N. W. (2d) 853, 68 N. W. (2d) 705.

[5] Prosser, Law of Torts (hornbook series, 3d ed.), p. 744, sec. 104.

In Wisconsin the "pre-existing fact" rule does not apply where the promisor has a present intention not to perform. In addition, though a matter asserted is an opinion, it is actionable if the maker is aware of present facts incompatible with that opinion. In *Zingale v. Mills Novelty Co.*[6] this court adopted the rule of the Restatement:[7]

"A statement of opinion in a business transaction upon facts not disclosed or otherwise known to the recipient may reasonably be interpreted as an implied statement that the maker knows of no fact incompatible with his opinion . . . ."

In *Zingale* our court held that it was actionable for the seller to make a statement that the premises were "an ideal location to manufacture ice cream," when he in fact knew that the regulations of the state department of agriculture would prohibit the manufacture of ice cream on the premises.

It is clear, therefore, that if, at the time of the assertion, the utterer is aware of facts that are incompatible with his opinion or if he has no intent to perform in the future, the fraud is *in praesenti.*[8]

Applying these principles—if, as alleged by the plaintiffs, the defendant knew that the "prospects" in fact were not interested in the purchase or sale of property, the misrepresentation was of a fact known to the defendant at the time. It is not a promise or a representation of a future event. We conclude that allegation states facts sufficient to constitute a cause of action.

A closer question is presented by the allegation that Hartwig and Wendt were falsely told they would earn large sums of money. If this were the usual case where the defendant himself was merely "puffing" the potential of the employment, we would hold that the representation

---

[6] (1943), 244 Wis. 144, 150, 11 N. W. (2d) 644.

[7] Restatement, 3 Torts, p. 91, sec. 539.

[8] Prosser, *supra,* p. 745.

was of the nature made in *Alropa, supra,* where the vendor predicted extensive development of Florida real estate. In that case, we stated:

"There is nothing in the evidence to show that the vendor or its agent did not, . . . have reason to believe that its expectations would be fulfilled." [9]

Here, however, it is alleged that the defendant knew that nine previous salesmen over a period of four years had grossed commissions not in excess of $752.50. Hence, it is alleged that the defendant, who was in a unique position to know the facts, was aware of facts that were incompatible with his representations in regard to the future. This allegation states a cause of action.

The defendant falsely told the plaintiff Wendt that he was closing sales "right along." This is a misrepresentation of an existing fact and is actionable.

We conclude also that plaintiff Hartwig's allegation that defendant falsely stated he would engage in business in a lawful manner constitutes an actionable misrepresentation. The complaint alleges that defendant "did not intend to conduct his business in a lawful and proper fashion." This allegation of intent not to perform in the future as stated is a misrepresentation of a present fact. While proof of this type is difficult, the allegation sufficiently states that the promise was made with present intent to the contrary. [10]

We therefore hold that the allegations, taken as verities, as we must when a question is before us on demurrer, do state facts sufficient to state a cause of action for deceit. We would in this respect disagree with the trial judge and overrule the demurrer.

[9] *Alropa Corp. v. Flatley* (1938), 226 Wis. 561, 566, 277 N. W. 108.

[10] "'The state of a man's mind,' said Lord Bowen in 1882, 'is as much a fact as the state of his digestion.'" Prosser, *supra,* p. 745.

## II.

### *Were the two causes of action improperly joined in a single complaint?*

The defendant also demurred on the ground that the several causes of action were improperly united. We agree with the trial judge's determination that the demurrer in this respect must be sustained.

We have recently found it necessary to consider and define a cause of action. We said in *Caygill v. Ipsen* (1965), 27 Wis. (2d) 578, 582, 135 N. W. (2d) 284:

". . . a cause of action must be viewed as a grouping of facts falling into a single unit or occurrence as a lay person would view them. This grouping of facts consists of 'the defendant's wrongful act.' "

Applying this test in the instant case, it is apparent that no one would view the alleged torts to Hartwig and Wendt as a single occurrence. The misrepresentation to Hartwig was made on January 15, 1964, and the misrepresentation to Wendt was almost two years earlier, in 1962. This was in no sense a single occurrence or a single cause of action. Each plaintiff has a separate cause of action.

The plaintiffs contend, however, that the plaintiffs may be joined in a single suit. They rely on sec. 260.10, Stats.:

"All persons having an interest in the subject of the action or in obtaining the relief demanded may be joined as plaintiffs."

It is clear that Hartwig and Wendt are not interested in obtaining the relief demanded since each on the face of the complaint seeks his separate relief in damages. Nor do they have an interest in the "subject of the action." [11] There is no common fund or property in which

---

[11] Subject of the action may be broadly interpreted as meaning subject matter of the action. Clark, Code Pleading (hornbook

they claim to have an interest. There is no "subject of the action" in which they have a common interest.

Nor may they be joined on the ground that they make claim against the defendant based upon the "same alleged tortious conduct" as permitted by sec. 260.12, Stats. Though the tortious conduct in each cause of action is similar in nature, *i.e.*, deceit, it clearly is not the same conduct. The tortious acts are to some degree different in nature and are clearly separated by a substantial time interval.

While we agree with the plaintiffs' position that the rules of pleading should be construed to effect efficient judicial administration, the rules that they cite do not permit joinder, and the section of the statute relied upon by the trial judge specifically prohibits it.

Sec. 263.04, Stats., provides in part:

"But the causes of action so united must affect all the parties to the action . . . ."

It is apparent that neither Wendt's cause of action nor Hartwig's in any way affects the other. They are completely separate torts, and under our rules cannot be joined in a single complaint.

### III.

*Were other parties, allegedly similarly deceived, necessary parties?*

In addition, defendant demurred on the ground that other persons to whom defendant allegedly made similar

series, 2d ed.), p. 358, sec. 57. In *Schiffer v. Eau Claire* (1881), 51 Wis. 385, 8 N. W. 253, the court concluded that a widow claiming that her dower interest had been damaged by tortious conduct could join with her children and the administrator in a suit against an alleged tortfeasor when all had an interest in the "subject of the action," the premises owned by the plaintiffs.

representations were necessary parties,[12] and that failure to join them constituted a defect in parties plaintiff, subjecting the complaint to demurrer. Inasmuch as these persons appear to have claims for deceit similar to those of Hartwig and Wendt, their claims are separate causes of action, which cannot be joined in this suit. We hold that they are not necessary parties, and the demurrer on that ground must be overruled.

Though we find that the complaint alleges facts sufficient to state a cause of action for deceit and, in that particular, reverse the order of the trial court sustaining the demurrer, we affirm that portion of the order sustaining the demurrer on the ground of improper joinder of parties plaintiff. Since one of the grounds for demurrer is sustained, the order must be affirmed.

*By the Court.*—The order sustaining the demurrer is affirmed, with leave granted the plaintiffs to plead over within twenty days, with that period to run from the date the record is returned to the circuit court.

---

[12] Sec. 260.12, Stats., provides in part:
"Of the parties to the action those who are united in interest must be joined as plaintiffs or defendants; . . ."