**FEDERAL DEPOSIT INSURANCE CORPORATION, a United States corporation, Plaintiffs,**

**v.**

**Harold W. ROSENTHAL, Defendant.**

**No. 78–C–117.**

United States District Court, E. D. Wisconsin.

Oct. 4, 1979.

Gregory G. Wille, Gibbs, Roper, Loots & Williams, Milwaukee, Wis., for plaintiffs.

Bruce C. O'Neill, Milwaukee, Wis. (Fox, Carpenter, O'Neill & Shannon, Milwaukee, Wis.), for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

The plaintiff has brought this action to collect on a promissory note made on September 10, 1975, by the defendant Harold W. Rosenthal to the order of the American City Bank and Trust Company. That the plaintiff is the holder of the note pursuant to its purchase of the note from the receiver of American City Bank is undisputed. The defendant contends, however, he was induced by fraud to sign the note and that, therefore, the note is invalid. The defendant also alleges he received no consideration for the note.

The plaintiff has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate only if it is established that there is no genuine issue as to any material fact in this case and that the FDIC is entitled to judgment as a matter of law. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). Before discussing the substantive law, a review of the facts surrounding the creation of the note is appropriate.

In early 1973, Mr. Rosenthal left his position as vice president in charge of commercial mortgage department of the First National Bank of Glendale to form a partnership to build and lease an office building in Green Bay, Wisconsin. (Rosenthal dep. p. 12A). Mr. Rosenthal then contacted Frank Brodbeck, an officer of American City Bank, to arrange a construction loan for the proposed office building. During the negotiations, Mr. Brodbeck advised the defendant that, if the bank could secure a long-term take out commitment, it would make a construction loan of $2,400,000 or 75 percent of the appraised value of the building,

whichever was lower. After the building project had been appraised, the bank informed the defendant and the limited partnership that he had formed, that the bank would loan them $2,250,000. During this time, the defendant also alleges that he had informed Mr. Brodbeck that the partnership needed an additional $400,000 to build the building. Mr. Rosenthal also states that Mr. Brodbeck orally assured him that the bank would lend them the $400,000 if it had the proper assurances of repayment which the defendant alleges were given. (Rosenthal dep. pp. 32–43).

On December 26, 1973, FNB, the limited partnership created by Mr. Rosenthal and his associates to develop and hold title to the property, signed a $2,250,000 construction loan and mortgage with the bank. (Rosenthal dep. pp. 31–32).

In the fall of 1974, the bank ceased all funding draws on the FNB construction loan because the amount of construction completed was insufficient to secure the funds already advanced. (Rosenthal dep. 53). As a result of this stoppage, Mr. Rosenthal returned to the bank and attempted to get it to honor the oral assurances of Mr. Brodbeck, who was no longer an employee of the bank, for the additional $400,000. The bank denied any knowledge of the oral promise and refused to make any further loans at that time.

As a result of this stoppage and refusal to loan the additional money, the defendant claims his reputation and business opportunities were severely damaged. In March of 1975, however, the defendant and the bank reached an agreement to loan the limited partnership and Mr. Rosenthal, personally, the additional monies needed to complete the building. On March 31, 1975, the defendant signed a commercial note for $200,-000 and executed another for $415,000 on April 15, 1975. (Rosenthal dep. p. 66; Haberman affidavit ¶ 5).

On September 10, 1975, to avoid the defense of a foreclosure action, Mr. Rosenthal and his associates in FNB entered into a settlement with the bank. In exchange for deeding over the building and a $200,000

personal note of Mr. Rosenthal, the bank agreed to release the FNB partners from liability on the construction loan and to rewrite and discharge the 1975 notes made by Mr. Rosenthal and FNB. The note made by Mr. Rosenthal pursuant to this settlement is the one in issue in this case.

In 1975, the American City Bank was declared insolvent and the FDIC was appointed receiver. To liquidate the assets of the bank, the FDIC, as receiver, entered into a purchase and assumption agreement with Marine National Exchange Bank of Milwaukee. To complete the sale, however, the FDIC, as receiver, had to sell certain assets to the FDIC in its corporate capacity. As a result of this, the FDIC, in its corporate capacity, is now the holder of the note made by the defendant on September 10, 1975.

■ The defendant asserts two separate affirmative defenses in his answer. In his first affirmative defense, the defendant alleges he received no consideration for the note. According to the undisputed facts in this case, it is clear that the defendant did receive consideration for the note. The note was made in exchange for his release and discharge from the original construction loan as well as the two loans made in March and April of 1975. *See Home Savings Bank v. Gertenbach,* 270 Wis. 386, 395, 71 N.W.2d 347, 352, 72 N.W.2d 697 (1955).

The defendant also alleges that he was induced by fraud to make the note. Furthermore, the defendant alleges that the plaintiff took the note subject to the defense of fraud because the FDIC bought the note for a substantially lower value than its face and that the FDIC knew of the under valuation of the note before the purchase.

In this regard, the Court notes that the defendant has requested further discovery on this point to show that the FDIC, as receiver, had valued the note for two percent of its face value. The defendant also wishes further discovery to show that Mr. Brodbeck was aware of a September, 1973, agreement between the bank and the

Comptroller of Currency regarding the bank's loan portfolio. The plaintiff contends further discovery is not appropriate because the Court has cut off discovery and that, even assuming the inferences the defendant wishes to draw are true, the plaintiff is entitled to summary judgment. After consideration, the Court hereby denies the defendant's motion for further discovery and will consider the inference made by the defendant as established for the purposes of this motion.

■ Recognizing the Court's prior decision in *Federal Deposit Insurance Corporation v. Rockelman,* 460 F.Supp. 999 (E.D. Wis.1978), the defendant urges the Court to find that the taking of a note for substantially less than face value strips the FDIC of its status under section 1823(e). In *Rockelman,* the Court held:

> [T]hat although, the FDIC, in its corporate capacity, is not a holder in due course within the meaning of that term under the Uniform Commercial Code, Congress intended by means of section 1823 to clothe the Corporation with the protections afforded a holder in due course and shield the Corporation against many defenses that would otherwise be available. This is the purpose and effect of this section.
>
> This conclusion furthers the intent of Congress to promote soundness in banking and to aid and protect the FDIC in the conduct of its duties. *While there are some valid defenses that may be available against the FDIC, the Court need not address that issue at this juncture.* [emphasis added] *Id.* at 1003.

The defendant argues that, because the Court has held that the FDIC has the protection afforded a holder in due course, although not a holder, the FDIC should be subject to the same defenses as a holder in due course. Based on this interpretation, the defendant argues that the plaintiff bought the note subject to the defense of fraud because the note was under-valued. Under the Uniform Commercial Code, a person is not a holder in due course if he takes with notice of any defense. Wisconsin Statutes § 403.302(1)(c). The Wisconsin Supreme Court has held that a purchaser takes with notice of possible defects in title when he purchases a note at a substantial discount. *See Wakem v. Schneider,* 192 Wis. 528, 531, 213 N.W. 328 (1927); *Tiefenthaler v. Biersach,* 182 Wis. 245, 247, 196 N.W. 211 (1923).

The plaintiff argues that its acquisition of the defendant's note cannot be equated with a discount purchase and, therefore, any analogy to the UCC provisions are inapplicable. In addition, the FDIC asserts that the policy underlying section 1823(e) is substantially different than that underlying the UCC holder in due course provision and, therefore, the UCC rules of notice are not applicable.

As stated previously, the defendant argues that because the Comptroller and the FDIC, as receiver, had valued this note at two percent of its face value before sale, the FDIC, in its corporate capacity, took with notice of the substantial discount. This might be true had the plaintiff purchased each note separately or if the price of the assets purchased had been dependent on the value of the notes. This, however, was not the case in this instance. The FDIC, as receiver, sold the assets of American City Bank to the FDIC, in its corporate capacity, to raise funds to complete the purchase and assumption agreement with the Marine National Exchange Bank. The purchase price of the assets was determined solely by the difference between the value of the assets purchased by Marine, plus the premium paid for the acquisition and the liabilities assumed by Marine. That the comptroller and the receiver had internally discounted the value of the defendant's note does not, therefore, strip the FDIC of its status under section 1823(e).

A contrary decision in this matter would seriously jeopardize the ability of the FDIC to perform the functions assigned to it by Congress. It would also thwart the intentions of Congress in creating the FDIC "to promote the soundness of banking and to aid the government in the discharge of its fiscal transactions." *Freeling v. Federal*

*Deposit Insurance Corporation,* 221 F.Supp. 955 (W.D.Okl.1962). *See generally, Rockelman, supra.* Furthermore, the Court notes that section 1823(e) does not make notice dispositive of any oral agreements made which would defeat or diminish the rights, title or interest of the corporation in any asset. Accordingly, the Court finds that, even if it could be said that the plaintiff had notice of the discount at the time of purchase, this would not affect its status under section 1823(e).

Having found that the FDIC has not lost its status under section 1823(e) because of the manner in which it purchased the defendant's note, this Court now turns to the defendant's second affirmative defense. The defendant alleges that American City Bank misrepresented its financial condition to the defendant in 1973 when he secured the original construction loan and that its officer, Mr. Brodbeck, had made certain oral promises which induced the defendant to finance the project with the bank. The defendant alleges that the bank agreement to clean up its loan portfolio in September of 1973 was inconsistent with the oral promise to lend the defendant an additional $400,000 and, therefore, constituted a fraudulent misrepresentation. *See Hartwig v. Bitter,* 29 Wis.2d 653, 139 N.W.2d 644 (1966).

The plaintiff argues that there is little evidence that the bank was in financial difficulty in 1973 and that the agreement to clean up the bank's loan portfolio and reduce total loans to a value under eight times the capital structure of the bank was not inconsistent with a promise to provide additional financing. The plaintiff, therefore, argues that the defendant has failed to establish a factual basis for fraud.

■ To prove fraud in the inducement, the defendant must show a false representation, intent to defraud, and detrimental reliance. *Goerke v. Vojvadich,* 67 Wis.2d 102, 226 N.W.2d 211 (1975). In *Hartwig v. Bitter, supra,* the Wisconsin Supreme Court held that a promise made with the present intent not to perform is actionable in deceit. *Id.* 29 Wis.2d at 657–58, 139 N.W.2d 644.

The Court also held an opinion made with knowledge of facts incompatible with that opinion is actionable in deceit. Accepting as true the defendant's inference that Mr. Brodbeck was aware of the September, 1973, agreement between the bank and the comptroller when he made his oral promise, the Court finds that this promise was not incompatible and inconsistent with the agreement. The bank did not stop lending money in 1973 and, in fact, it continued to lend money up until it was declared insolvent as shown by its loans to the defendant as well as other notes that have been before this Court in similar cases. Furthermore, the Court finds there is no affirmative duty on the part of a bank to disclose its financial condition to a borrower absent a request for such information. The Court also notes that the defendant made no such request in this case. (Rosenthal dep. pp. 50–51). Therefore, the Court holds that the defendant has failed to establish an essential element of the defense of fraud in the inducement and his defense of fraud in the inducement is without force and effect.

■ The Court also notes, consistent with its opinion in *Rockelman, supra,* that the oral agreement between the defendant and the bank is ineffective against the FDIC because it was not recorded pursuant to section 1823(e).

■ Finally, there is an additional ground for finding that there is no genuine issue of fact in this case. On September 10, 1975, when Mr. Rosenthal made the note in question, he also signed a release and discharge. (Haberman affidavit, Ex. B). The general release provided in part that:

> Harold W. Rosenthal . . . does by these presents, release and discharge the American City Bank & Trust Co., its successors and assigns, of and from all, and all manner of action and course of actions, judgments, executions, debts, dues, claims and demands of every kind and nature whatsoever, against American City Bank & Trust Company he ever had, or now has or which he or his heir . . had or may have by reason of or in connection with the following:

(1) A mortgage and mortgage note executed by FNB . . . on real estate . . .

or any other difference or disputes that may arise or have arisen in connection with the above real estate transactions. The plaintiff argues that, on the basis of this general release, any defense that the defendant may have had arising from the oral promise was extinguished when he signed the release. The plaintiff claims the defendant was aware of a possible action against the plaintiff when he signed the release because he had previously threatened to sue the bank. The plaintiff further claims that the case falls within the general rule that "[A] release ordinarily operates on the matters expressed therein which are already in existence at the time of the giving of the release." *Rensink v. Wallenfang,* 8 Wis.2d 206, 214, 99 N.W.2d 196, 200 (1959). Furthermore, the plaintiff directs the Court's attention to *Townsend v. La Crosse Trailer Corp.,* 256 Wis. 609, 613, 42 N.W.2d 164 (1949) where the Wisconsin Supreme Court found that summary judgment was appropriate where a release effectively disposed of all controversies between the parties. The plaintiff urges that Mr. Rosenthal's release has disposed of all controversies and, therefore, summary judgment is appropriate.

The defendant, however, contends he was unaware of his defense of fraud in the inducement at the time of the release because he did not learn of the financial condition of the bank until after he signed the release. The defendant alleges he had no intention to release the plaintiff from this claim and, therefore, the release is ineffective against his claim of fraud. *Rensink v. Wallenfang, supra.* The defendant also urges that the scope of the release is a question of fact for the jury.

In *Plummer v. Leonkard,* 44 Wis.2d 686, 692, 172 N.W.2d 1, 4 (1969), the Court held:

The scope of a release, and the intention of the parties that the release shall cover particular claims, are for the jury or other triers of the facts; but where the facts are undisputed, the scope has

been held to be for the court. 76 C.J.S. *Release* § 72, p. 721.

The material facts in this case are undisputed. The plaintiff, for the purposes of this motion, has not contested the facts set out in the defendant's deposition, and the Court has assumed the inference that the defendant made regarding the oral agreement to be true.

The Court is persuaded that the release effectively extinguished any claims the defendant might have arising from the real estate transactions involved here. By his own admission, the defendant did threaten the bank with a lawsuit regarding the oral promise and, therefore, he was aware of this potential defense when he executed the general release on September 10, 1975.

Based on the foregoing, the Court, therefore, finds that the plaintiff's motion for summary judgment must be and is hereby granted. Attorneys for the plaintiff are hereby ordered to submit a proposed judgment.

SO ORDERED this 4th day of October, 1979, at Milwaukee, Wisconsin.