Robert **BELL**, Plaintiff,

v.

**EDWARD D. JONES & COMPANY and Wayne Riegler, Defendants.**

**No. 95–C–855–S.**

United States District Court, W.D. Wisconsin.

Aug. 26, 1996.

Michael R. Fox, Fox & Fox, S.C., Madison, for Robert Bell.

Timothy G. Costello, Krukowski & Costello, S.C., Milwaukee, for Edward D. Jones & Company and Wayne Riegler.

## MEMORANDUM AND ORDER

SHABAZ, Chief Judge.

Plaintiff Robert Bell commenced this civil action in Jefferson County Wisconsin Circuit Court. Defendants Edward D. Jones & Company and Wayne Riegler removed the case to this Court. In his amended complaint plaintiff claims that the defendants violated the Age Discrimination in Employment Act, breached a contract and made fraudulent representations to him.

On June 24, 1996 defendants filed a partial motion for summary judgment on plaintiff's state law claims pursuant to Rule 56, Federal Rules of Civil Procedure, submitting proposed findings of fact, conclusions of law, affidavits and a brief in support thereof. This motion has been fully briefed and is ready for decision.

Defendants move to strike paragraph numbers 10, 14, 22, 23, 23, 27, 30, 35, 39, 40 and 42–48 of plaintiff's affidavit. This motion has been fully briefed. Defendants contend that paragraphs 42–48 should be stricken because they are not relevant to the pending motion. These paragraphs are relevant and will not be stricken. Defendants contend that paragraphs 10, 14, 22, 23, 24, 27, 30, 25, 39 and 40 should be stricken because they are based on plaintiff's subjective and conclusory opinions. A review of these paragraphs indicates that they are based on plaintiff's personal knowledge and beliefs and will not be stricken. Defendants' motion to strike will be denied.

On a motion for summary judgment the question is whether any genuine issue of material fact remains following the submission by both parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## FACTS

For purposes of deciding defendants' motion for partial summary judgment the Court finds that there is no genuine dispute as to any of the following material facts.

Plaintiff Robert Bell who is over 40 years of age resides in Fort Atkinson, Wisconsin. Defendant Edward D. Jones & Company (Jones) is licensed to do business in the State of Wisconsin but maintains its headquarters and principal place of business in the County of St. Louis, State of Missouri. Jones is in the retail investment brokerage business which operates small offices staffed with one investment representative (IR) and one branch office administrator (BOA). Defendant Wayne Riegler is a resident of the City of Ironwood, Michigan and was employed by Jones as an IR in its Fort Atkinson office until he retired in January 1994.

On April 30, 1992 plaintiff signed an Investment Representative Employment Agreement with Jones. Jack Cahill signed on behalf of defendant Jones on May 2, 1992. The agreement provided as follows:

26. This Agreement shall be deemed to be a Missouri contract and governed by the laws thereof. A waiver of any provision hereof by Jones shall not be deemed a waiver of any other provision and no waiver shall be effective unless the same is in writing over the signature of a principal officer of Jones. Any provision of this Agreement prohibited by the laws of any state shall as to such state be ineffectual only to the extent of such prohibition and shall not invalidate the remaining provisions of this Agreement.

29. The parties hereto hereby acknowledge that no oral or written representations were made with respect to this Agreement or the relationship between the parties, and the rights of the parties are governed only by this Agreement and any other subsequent written agreements or riders entered into between the parties and signed by a principal officer of Jones.

In May 1993 defendant Riegler and plaintiff drafted two handwritten documents setting forth an income and expense sharing arrangement between them. Neither Bell nor a principal officer of Jones signed these agreements. Defendant Riegler was not a principal officer of Jones.

It is disputed whether plaintiff and Riegler had an oral agreement that plaintiff would take over Riegler's business when he retired after a year to three years. It is also disputed whether defendant Riegler misrepresented to plaintiff his authority to bind Jones to an agreement and whether plaintiff was justified in relying on this representation.

## MEMORANDUM

Defendants move for partial summary judgment on plaintiff's breach of contract and fraud claims against both defendants Jones and Riegler. Plaintiff contends that he had an oral contract with defendant Riegler for plaintiff to assume Riegler's clients at the Fort Atkinson office when he retired after one year and that Jones was bound by this agreement. He further contends that both defendants breached the agreement.

*Breach of Contract Claims*

■ Plaintiff had a written employment contract with defendant Jones which by its terms was all inclusive except for subsequent written agreements signed by a principal officer of Jones. No such subsequent agreements exist.

Plaintiff argues that according to *Reimer v. Badger Wholesale Co. Inc.*, 147 Wis.2d 389, 392, 433 N.W.2d 592 (Ct.App.1988), his oral agreement modified the written agreement. In *Reimer* there was no fully integrated written employment contract which included a merger clause. In the instant case a fully integrated agreement exists between plaintiff and defendant Jones. Accordingly, evidence of a party's contrary prior oral agreement is not admissible. *In re Spring Valley Meats, Inc.*, 94 Wis.2d 600, 607, 288 N.W.2d 852 (1980); *Durkee v. Goodyear Tire and Rubber*, 676 F.Supp. 189, 191 (W.D.Wis.1987). The undisputed facts do not support a breach of contract claim against defendant Jones because the written employment agreement was the only contract between Bell and Jones and it was not breached. Neither was there any waiver of this merger clause prior to any oral agreement. Accordingly, defendant Edward D. Jones & Co. is entitled to summary judgment on the contract claim against it.

■ Having concluded that the alleged oral agreements between Riegler and plaintiff could not have the effect of modifying the written employment agreement the issue becomes whether the oral business takeover agreements are enforceable as separate contracts. Defendant argues that the oral agreement between Riegler and Bell was barred by the statute of frauds because it could not have been performed in one year. Although the written employment agreement requires that it be governed by Missouri law, Wisconsin law would apply to the separate oral business takeover agreements. *See Diesel Service Co. v. AMBAC International Corp.*, 961 F.2d 635, 639–45 (7th Cir.1992). Pursuant to § 241.02(1)(a), Wis. Stats., an oral contract which by its own terms cannot be performed in one year is unenforceable. *Landess v. Borden, Inc.*, 667 F.2d 628, 631 (7th Cir.1981). Although many factual disputes remain concerning plaintiff's breach of contract claim against defendant Riegler, it is undisputed that by its own terms it could not have been performed by Riegler within a year because Riegler's retirement was not to occur until after one year at the earliest. Accordingly, plaintiff's breach of contract claim against defendant Riegler is barred by the statute of frauds.

*Fraud Claims*

■ Plaintiff also claims that defendants committed fraud. The parties agree that Wisconsin law applies to plaintiff's fraud claim. Under Wisconsin law the elements of common law fraud have been defined as follows:

1. A false representation;

2. Made with the intent to defraud and for the purpose of inducing another to act upon it; and

3. Actually inducing another to rely and act upon the representation causing injury or damage.

*Jersild v. Aker*, 766 F.Supp. 713, 717–718 (E.D.Wis.1991).

Riegler represented to plaintiff that he would turn his customers over to plaintiff when he retired. Such a promise to do something in the future can serve as a basis for a fraud claim only if it could be shown that Riegler had no intent to comply with the alleged promise at the time he made it. *Hartwig v. Bitter*, 29 Wis.2d 653, 657, 139 N.W.2d 644 (1966); *Ma v. Community Bank*, 494 F.Supp. 252, 254 (E.D.Wis.1980).

Defendants argue that none of the three elements are present because Riegler intended at all times to comply with his promise and therefore made no false statement and had no intent to defraud, and further that any reliance on the representation was unreasonable because of the integration clause in the written agreement. Viewing the facts as a whole in the light most favorable to plaintiff, none of defendants' arguments support summary judgment.

■ While it is undisputed that Riegler hoped and intended to turn his business over to plaintiff, there is substantial evidence that he knew he lacked the authority to do so. Authority to confer the promised benefit was an implicit (and arguably explicit) component of the promise to convey the business to plaintiff. Present knowledge of facts which will prevent future performance renders a future prediction a present misrepresentation. *Hartwig*, 29 Wis.2d at 657–58, 139

N.W.2d 644. There is ample evidence that plaintiff relied on the representation to his detriment and because of the distinctly different subject matter of the IR agreement and the promise of future transfer of the business, a jury might find the reliance reasonable even in the face of the limiting language of the written contract.

The facts also permit inferences that could make defendant Jones liable for the misrepresentations. There is evidence from which a jury could infer that Jones was aware of Riegler's misrepresentation of authority and plaintiff's reliance thereon, yet did nothing to disclose Riegler's lack of authority, choosing instead to encourage plaintiff to act to his detriment and to the benefit of defendants. These acts, if proved true, may lead a jury to find that Riegler had apparent authority to make the representation on behalf of Jones. *Select Creations v. Paliafito America, Inc.*, 830 F.Supp. 1223, 1235 (E.D.Wis.1993).

Accordingly, defendant Jones' motion for summary judgment on plaintiff's fraud claim will be denied. Remaining for trial are plaintiff's age discrimination claim and his fraud claims against defendants Riegler and Jones.

### ORDER

IT IS ORDERED that defendants' motion to strike paragraphs of plaintiff's affidavit is DENIED.

IT IS FURTHER ORDERED that defendants' motion for *summary* judgment on plaintiff's fraud claim is DENIED.

IT IS FURTHER ORDERED that in all other respects defendants' motion for partial summary judgment is GRANTED.